**Michael BACH, Administrator of the Estate of Katherine Zwitzer, Plaintiff-Appellant,**

v.

**Anthony M. UCHO, Defendant-Appellee.**

**No. 81–1783.**

United States Court of Appeals, Sixth Circuit.

Argued Nov. 9, 1982.

Decided Jan. 18, 1983.

Bruce W. Franklin, Irene A. Bruce (argued), Troy, Mich., for plaintiff-appellant.

Michael J. Yockey (argued), Seavitt, Westcott, Stowe, Detroit, Mich., for defendant-appellee.

Before KEITH and JONES, Circuit Judges and PECK, Senior Circuit Judge.

KEITH, Circuit Judge.

Plaintiff decedent is Katherine Zwitzer, an elderly female resident of Florida. At the time of the accident, she was in Benton Harbor, Michigan visiting friends.

On July 3, 1978, Zwitzer was approximately 50 to 60 feet back from the right

side of Napier Road in Benton Harbor. She was walking in a southward direction approaching Napier Road. Defendant Anthony M. Ucho was traveling westbound on Napier Road at between 35 and 45 miles per hour. Ucho first observed Zwitzer when he was approximately a quarter mile away from the eventual point of impact. At that time, Ucho noted that Zwitzer "didn't look either way" to observe traffic conditions. Ucho continued to observe Zwitzer as she neared the roadway. He was aware that she had not looked toward the westbound traffic and probably was not aware of his vehicle. When Zwitzer was 20 to 30 feet from the road, Ucho determined that she was an "older" "lady" with "gray hair".

Ucho sounded his horn and took his foot off the gas when he was approximately 100 feet from Zwitzer. Zwitzer was on the paved shoulder near the edge of the road when the horn sounded. Ucho sounded the horn because he was aware that Zwitzer was going to step out in the road. Zwitzer stepped into the roadway in front of Ucho. Ucho began braking some 20 feet ahead of the point of impact. Ultimately, Ucho struck Zwitzer with the right fender of his automobile just above the front wheel.

The collision seriously injured Zwitzer. After a long period of hospitalization, Zwitzer died from the injuries suffered in the automobile accident. Michael Bach, Administrator of the Estate of Katherine Zwitzer, brought the instant action against Ucho in the United States District Court for the Eastern District of Michigan. The case was tried before a jury in September of 1981. During Ucho's closing argument, he emphasized that he need not have anticipated that Zwitzer would step into the highway.

The relevant portion of the jury instruction is shown below:

You should be aware that a party need not anticipate a negligent or unlawful act on the part of another. However, even if you decide the decedent negligently subjected herself to the risk of harm from the defendant's negligence, the plaintiff may still recover for harm caused by the defendant's negligence if, immediately preceeding the harm:

A. The decedent was unable to avoid it by exercise of reasonable vigilance and care, and

B. The decedent—strike that—the defendant was negligent in failing to use with reasonable care his existing opportunity to avoid the decedent's harm, when he

1. knew of the decedent's situation, and realized or had reason to realize the peril involved in it, or

2. could have discovered the situation if he had exercised the vigilance which it was then his duty to the decedent to exercise.

Even if you decide decedent, by the exercise of reasonable vigilance, could have discovered the danger created by the Defendant's negligence in time to avoid the harm to her, the Plaintiff can still recover, if:

A. The Defendant knew of the decedent's situation.

B. The Defendant realized that the decedent was inattentive and therefore unlikely to discover her peril in time to avoid the harm, and

C. The Defendant was negligent after that in failing to use with reasonable care his existing opportunity to avoid the harm.

It is up to you to decide whether the decedent negligently subjected herself to the risk of harm from the Defendant's negligence, but was unable to avoid it by exercising reasonable vigilance and care, or whether the decedent could have discovered the danger created by the Defendant's negligence in time to avoid the harm, but failed to do so because of inattentiveness.

Once you have decided into which category the decedent fits, if she fits into either one, you should then consider whether the other conditions of liability are met, in accordance with the rules just explained to you.

The jury found for Ucho. United States District Court Judge Julian Cook subsequently denied Zwitzer's motion for a new trial. Zwitzer appeals. We affirm.

The sole issue presented in this appeal is whether the jury instruction on negligence fairly and accurately reflected Michigan tort law. Zwitzer complains that the following portion of the jury instruction was so improper and prejudicial that it was tantamount to directing a verdict for the defendant: "You should be aware that a party need not anticipate a negligent or unlawful act on the part of another." We disagree.

The jury instructions, when viewed as a whole, fairly and accurately describe Michigan tort law. The instructions contain several references stressing Zwitzer's ability to recover if Ucho did not exercise reasonable care. The above isolated sentence, however, is unfortunate. Under Michigan law, it appears that a driver of an automobile must exercise reasonable care at all times. *See Placek v. Sterling Heights,* 405 Mich. 638, 672, 275 N.W.2d 511 (1979). The instructions, nevertheless, adequately presented Michigan tort law to the jurors. Therefore, the jury verdict for Ucho effectively resolved whether his conduct was reasonable.

Accordingly, the judgment of the district court is affirmed. The jury instruction given by Judge Julian Cook, when viewed as a whole, fairly and accurately described Michigan law.