**Wesley RHEA, Plaintiff-Appellee,**

v.

**MASSEY–FERGUSON, INC.,
Defendant-Appellant.**

No. 84–1186.

United States Court of Appeals,
Sixth Circuit.

Argued May 8, 1985.
Decided July 3, 1985.

Ronald R. Pawlak (argued), Birmingham, Mich., for defendant-appellant.

Gregory Stine, Birmingham, Mich., Mark Granzotto (argued), Detroit, Mich., for plaintiff-appellee.

Before JONES and KRUPANSKY, Circuit Judges, and EDWARDS, Senior Circuit Judge.

PER CURIAM.

Defendant-Appellant Massey-Ferguson, Inc. appeals from a jury verdict in favor of the plaintiff-appellee Wesley Rhea in this diversity personal injury suit. On appeal, Massey-Ferguson challenges the district court's submission of this case to mediation, denial of its motions for JNOV or a new trial, jury instructions, and application of a Michigan interest statute to the jury verdict. After considering these issues, we affirm the jury verdict and the district court's assessment of interest and attorney fees.

Rhea was injured when he inadvertently shifted a Massey-Ferguson 245 tractor into gear as he stood beside it. The tractor began moving forward, although no one had depressed the clutch lever. The tractor's right rear wheel first rolled over Rhea's leg, forcing him under the machine before it rolled over his shoulder and chest. Rhea suffered numerous fractures and lost part of one ear in the accident. Rhea filed this action in state court alleging that Massey-Ferguson was liable for negligent design and breach of implied warranty. Massey-Ferguson removed the action to federal district court. A jury found damages of $300,000, but it also found Rhea 24% negligent. Under Michigan's comparative negligence doctrine, the resulting verdict was $228,000.

First, Massey-Ferguson challenges the district court's referral of this case to mediation under the Eastern District of Michigan's Local Rule 32, which provides that a diversity case involving only monetary damages may be referred to mediation before trial. Massey-Ferguson rejected and Rhea accepted the resulting $100,000 proposed award. Therefore, under Local Rule 32.10(d), Massey-Ferguson was liable for actual costs unless the verdict at trial was more than ten percent below the evaluation. The jury returned a verdict that was more than twice the mediation evaluation and the district court awarded $5,400 in actual costs to Rhea.

Massey-Ferguson contends that this procedure violates its Seventh Amendment right to a jury trial and is inconsistent with various of the Federal Rules of Civil Procedure. The Seventh Amendment "was designed to preserve the basic institution of jury trial in only its most fundamental elements, not the great mass of procedural forms and details." *Galloway v. United States*, 319 U.S. 372, 392, 63 S.Ct. 1077, 1088, 87 L.Ed. 1458 (1943). At the core of these fundamental elements is the right to have a " 'jury *ultimately* determine the issues of fact if they cannot be settled by the parties or determined as a matter of law.' " *Seoane v. Ortho Pharmaceuticals, Inc.*, 660 F.2d 146, 149 (5th Cir.1981) (quoting *Woods v. Holy Cross Hospital*, 591 F.2d 1164, 1178 (5th Cir.1979)). *See also Ex Parte Peterson*, 253 U.S. 300, 310, 40 S.Ct. 543, 546, 64 L.Ed. 919 (1920). Federal courts have repeatedly upheld mandatory arbitration procedures in the face of challenges based on the right to a jury trial.

*See, e.g., Davison v. Sinai Hospital of Baltimore, Inc.,* 462 F.Supp. 778 (D.Md. 1978), *aff'd,* 617 F.2d 361 (4th Cir.1980). In keeping with the Seventh Amendment's requirements Massey-Ferguson received the jury's determination of the disputed facts in the present action.

■ Massey-Ferguson also characterizes Local Rule 32 as violating numerous Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 83 authorizes district courts to "regulate their practice in any manner not inconsistent with these rules." The challenged local rule is not inconsistent with Rule 38(b) merely because it interposes an additional step between the jury demand and trial. Nor does the Local Rule require two demands for a jury trial in violation of Rule 39(a). Nor is Local Rule 32 inconsistent with Rules 53 or 72–75, governing referral to masters or magistrates. The mediation panel merely issues a settlement evaluation that has no force unless accepted by the parties. In sum, no flaw requiring this Court to intervene in the district court's practice under Local Rule 32 has been raised in the present suit.

■ Second, Massey-Ferguson appeals from the district court's denial of its motions for directed verdict and JNOV or a new trial. A federal court sitting in a diversity case must apply the directed verdict standard of the state whose substantive law governs the action. *Arms v. State Farm Fire & Casualty Co.,* 731 F.2d 1245, 1248 (6th Cir.1984). Under Michigan law, the court may grant a directed verdict only if it concludes, after viewing all the evidence in the light most favorable to the non-moving party, that "all reasonable men would agree that there has been an essential failure of proof." *Snider v. Bob Thibodeau Ford, Inc.,* 42 Mich.App. 708, 712, 202 N.W.2d 727, 730 (1972). An appeals court in Michigan will not reverse the denial of a directed verdict motion "if any competent and sufficient evidence supports the jury determination." *Kupkowski v. Avis Ford, Inc.,* 395 Mich. 155, 167, 235 N.W.2d 324, 331 (1975).

■ Rhea bore the burden of proving the elements of his negligent design theo-

ry: (1) duty; (2) breach of duty; (3) proximate cause; and (4) damages. *See Hartford Fire Insurance Co. v. Walter Kidde & Co.,* 120 Mich.App. 283, 291–92, 328 N.W.2d 29 (1982). Rhea also bore the burden of establishing his implied warranty claim by showing that the product contained a defect which caused plaintiff's injuries. *See Smith v. E.R. Squibb & Sons, Inc.,* 405 Mich. 79, 89, 273 N.W.2d 476 (1979). There can be no doubt that Rhea created a jury question on the issues of damages and proximate cause. Under Michigan negligence law, a manufacturer breaches its duty of care when it fails to use reasonable care in designing a product to guard against an unreasonable and forseeable risk. *Byrnes v. Economic Machinery Co.,* 41 Mich.App. 192, 201, 200 N.W.2d 104 (1972). A product is defective under Michigan implied warranty law if it is "not reasonably safe for its foreseeable uses." *Fredericks v. General Motors Corp.,* 411 Mich. 712, 720, 311 N.W.2d 725, 728 (1981). Both Rhea and Massey-Ferguson presented evidence from which the jury could find that Massey-Ferguson's failure to incorporate a mechanism to prevent inadvertent movement of the "hi-lo" shift lever rendered the tractor unsafe for its forseeable uses.

■ Third, the district court instructed the jury pursuant to the Michigan Standard Civil Jury Instructions on products liability. Massey-Ferguson now challenges the district court's refusal to give the jury a number of requested instructions. The standard instructions must be given by a Michigan court in a civil action if they are applicable and accurately state the law. *Javis v. Ypsilanti Board of Education,* 393 Mich. 689, 697, 227 N.W.2d 543 (1975). The district court had no duty to give the additional requested instructions if the standard instructions, viewed as a whole, fairly and accurately describe applicable Michigan law. *Bach v. Uche,* 697 F.2d 741, 743 (6th Cir.1983). *See also Young v. E.W. Bliss Co.,* 130 Mich.App. 363, 371, 343 N.W.2d 553, 557–58 (1983). The district court refused to give eight requested instructions that are generally

one-sided at best, frequently misstate Michigan law, are not once concise, and in several instances merely supplement the standard jury instructions that address the same issues. The district court's instructions fairly and adequately informed the jury of applicable Michigan law.

Fourth, the district court applied Michigan Statutes Ann. § 27A.6013 [M.C.L.A. § 600.6013] to calculate Rhea's pre-judgment interest on the jury award from the date his complaint was filed. The district court applied the federal post-judgment interest rate provided by 28 U.S.C. § 1961. Massey-Ferguson maintains that under *Erie Railroad Co. v. Tomkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the federal interest rate should govern both pre-judgment and post-judgment interest. This Court, however, has held that federal courts sitting in diversity cases will apply the forum state's law in assessing pre-judgment interest. *American Anodco, Inc. v. Reynolds Metals Co.*, 743 F.2d 417, 425 (6th Cir.1984); *Clissold v. St. Louis-San Francisco Railway Co.*, 600 F.2d 35, 39 n. 3 (6th Cir.1979).

For the foregoing reasons, we AFFIRM the jury verdict and the district court's assessment of interest and attorney fees.