MILLS v FRANCO FOOD EQUIPMENT, INC

Docket No. 92663. Submitted February 3, 1987, at Detroit. Decided July 7, 1987. Leave to appeal applied for.

George G. Mills, Sr., and others filed suit against Franco Food Equipment, Inc., and others in Wayne Circuit Court seeking damages for breach of contract, fraud and misrepresentation, deceit, conversion, and civil rights violations. The case was submitted to mediation, which resulted in a unanimous evaluation of $18,000. Defendants accepted the evaluation and plaintiffs were deemed to have accepted it due to the failure on their part to file a timely rejection. Plaintiffs' attorney contends that rejection of the mediation evaluation was mailed eleven days before expiration of the forty-day time period provided under the local court rules for Wayne Circuit Court and that any delay in receipt of that rejection was entirely the fault of the United States Postal Service. Plaintiffs' motion for an order requiring the mediation tribunal to accept a late rejection of the mediation award and motion for rehearing were denied, Thomas Roumell, J. The Court of Appeals, in an unpublished opinion per curiam, decided February 21, 1985 (Docket No. 72984), affirmed, but then granted plaintiffs' motion for a rehearing and remanded the matter to the trial court for an evidentiary hearing. The court conducted the hearing and again denied plaintiffs' motion for reconsideration. Plaintiffs appealed.

The Court of Appeals held:

1. Timely rejection of a mediation award is not complete upon mailing.

2. The trial court erred in denying plaintiffs' request to have their rejection notice received by the mediation tribunal as timely filed. Unrebutted testimony established that the rejection was timely mailed. If the delay was the fault of the postal

REFERENCES

Am Jur 2d, Evidence §§ 193 et seq.

Am Jur 2d, New Topic Service—Alternative Dispute Resolution §§ 10, 24.

See the annotations in the Index to Annotations under Arbitration and Award.

service, the rejection should have been deemed timely and the motion granted.

Reversed.

WAHLS, P.J., dissented. He would hold that the trial judge exercised his discretion in choosing not to believe plaintiffs' contention that the rejection was timely mailed and that when a trial court exercises its discretion there is, necessarily, no one correct answer and the trial court is in the best position to make a discretionary decision because it enjoys the exclusive opportunity to hear the witnesses firsthand. Because he finds the trial judge's exercise of discretion in this case was not abusive and because he is not convinced that the judge erred in denying plaintiffs' request to have their untimely notice received by the mediation tribunal as timely filed, he would affirm.

1. ARBITRATION — MEDIATION AWARDS — TIMELINESS OF REJECTION — MAIL.

Timely rejection of a mediation award is not complete upon mailing of the rejection.

2. ARBITRATION — MEDIATION AWARDS — TIMELINESS OF REJECTION.

Rejection of a mediation evaluation may be deemed to have been timely when the only evidence is unrebutted testimony that the rejection was mailed eleven days before the expiration of the applicable time period even though the rejection was time-stamped by the mediation tribunal clerk when received and was received after expiration of the time period; apparent delayed delivery on the part of the United States Postal Service should not be attributed to the rejecting party.

*Lawrence J. Stockler, P.C.* (by *Lawrence J. Stockler*), for plaintiffs.

*Metry, Metry & Sanom* (by *Samuel T. Sanom*), for defendants.

Before: WAHLS, P.J., and M. J. KELLY and C. W. SIMON,* JJ.

M. J. KELLY, J. The parties have this Court's February 21, 1985, opinion in Case No. 72984, and

* Circuit judge, sitting on the Court of Appeals by assignment.

its order on rehearing dated October 24, 1985. The facts need not be repeated.

Because of the order on rehearing the doctrine of law of the case is inappropriate and inapplicable on these facts.

We hold that timely rejection of the mediation award is not complete upon mailing.

On review, however, we have a definite and firm conviction that the trial court erred in denying plaintiffs' request to have their rejection notice received by the mediation tribunal as timely filed and we therefore reverse.

Two witnesses testified that the rejection was indeed mailed timely, in fact eleven days before the deadline. There was testimony regarding the percentage of delayed mail delivery by the United States Post Office in the area serviced. The trial court concluded:

> The item that would have put this entire problem to rest once and for all is a [sic] fact the letter envelope which was used by Mr. Stockler's office to mail the rejection, which would have shown the postmark of it having been placed in the U.S. Mails, just isn't available, and no one is at fault for this; that is, for its unavailability.

That unavailability was not the fault of the plaintiffs. The plaintiffs' attorney introduced his copies of the correspondence and his secretary testified as to the date of the mailing. The mediation tribunal routinely discarded envelopes.

Unless the witnesses, Mr. Lawrence Stockler, a practicing attorney, and his secretary of eleven years, Miss Gail Musialowski, conspired to commit perjury and a fraud upon the court, there was unrebutted testimony that the rejection was timely mailed. If it was a delayed delivery on the

part of the United States Post Office, the rejection should have been deemed timely and the motion granted.

Reversed.

C. W. SIMON, J., concurred.

WAHLS, P.J. *(dissenting)*. I respectfully dissent.

John Burroughs once wrote that "It is always easier to believe than to deny. Our minds are naturally affirmative." Nevertheless, in this case, the trial judge, both before and after conducting an evidentiary hearing on remand, chose not to believe. Since he had the discretion to do so, and since we review for abuse of discretion, I would affirm in this case. In short, the trial judge simply had the right not to believe, and we do not have the right to reverse on the basis of our disagreement with his unbelief.

The factual background of the case must be reviewed to set the matter now at issue into context. In 1979, plaintiffs filed a complaint in Wayne Circuit Court against defendants seeking damages for breach of contract, fraud and misrepresentation, deceit, conversion, and civil rights violations. In 1983, the case was submitted to mediation, resulting in a unanimous evaluation of $18,000. Defendants accepted this evaluation, and plaintiffs were deemed to have accepted it due to the failure on their part to file a timely rejection. It is the untimeliness of this rejection which forms the basis of the issue now on appeal.

Judge Thomas Roumell denied plaintiffs' motion for an order requiring the mediation tribunal to accept a late rejection of the mediation award, and he subsequently denied plaintiffs' motion for a rehearing. Although this Court initially affirmed the decision of the trial court in an unpublished

per curiam opinion decided February 21, 1985 (Docket No. 72984), it later granted plaintiffs' motion for a rehearing, which resulted in a remand to the trial court for an evidentiary hearing. On November 4, 1985, that hearing was conducted, and on February 14, 1986, Judge Roumell disclosed his findings of fact based on the evidence produced, once again resulting in a denial of plaintiffs' motion for reconsideration. Plaintiffs appealed as of right from Judge Roumell's February 14, 1986, decision, and two members of this panel now reverse on the basis of their definite and firm conviction that the trial court erred in denying plaintiffs' request. My brethren emphasize that, "Unless the witness, Mr. Lawrence Stockler, a practicing attorney, and his secretary of eleven years, Miss Gail Musialowski, conspired to commit perjury and fraud upon the court, there was unrebutted testimony that the rejection was timely mailed." I view this reassessment of the parties' honesty based on a "paper review" on appeal to be highly suspect in light of the trial judge's superior ability to assess credibility and on my inability to perceive any abuse of discretion in that original assessment.

At the evidentiary hearing conducted on November 4, 1985, before Judge Roumell, Gail Musialowski testified that she had been employed as a legal secretary at the office of Stockler & Herbach, P.C., attorneys for plaintiffs in this case, for the past eleven years. She testified that she had mailed the rejection of the $18,000 mediation evaluation by placing it in a mailbox located in the Cadillac Tower Building in Detroit on March 10, 1983— eleven days before the expiration of the applicable forty-day time period. WCCR 403.7(e), 403.15(a).

Thomas Webster, an employee of the United States Postal Service, testified that first class mail

which was deposited into the United States Mail at the Cadillac Tower Building and addressed to the nearby Lafayette Building, where the mediation tribunal was then located, should have reached its destination overnight; a longer delivery time, he stated, would be considered a delayed delivery. Webster stated that his survey in the consumer affairs office of the post office during the relevant time period revealed that 1,741 complaints for delayed deliveries had been received. He said that the Detroit post office handled approximately 4,000,000 pieces of mail per day and that approximately five percent were delayed in delivery.

Robert W. Schweikart, the mediation tribunal clerk for the Mediation Tribunal Association, testified that, in accordance with the tribunal's normal procedure, the time-stamped envelope which contained plaintiffs' mediation rejection and the cover letter which allegedly accompanied the rejection had not been retained. Thus, there was no way to determine from the tribunal's records, he stated, whether the rejection had in fact been mailed twelve days prior to its being timed-stamped as received by the Mediation Tribunal Association on March 22, 1983—one day past the forty-day time period allowed. Schweikart observed that he was unaware of a single instance in which a rejection was not time-stamped on the date it was physically received by his office.

In *Hauser v Roma's of Michigan, Inc,* 156 Mich App 102; 401 NW2d 630 (1986), a panel of this Court recognized that a trial court, under MCR 2.612(C)(1), has the discretion to refuse to set aside a mediation award on the ground that the plaintiff had failed to timely reject it under MCR 2.403(L)(1). The effect of that court rule is very similar to the effect that WCCR 403 worked in this

case. Under the court rule, the failure to file a written acceptance or rejection of a mediation evaluation within twenty-eight days constitutes an acceptance, and under the Wayne County rule, written acceptance or rejection must be given within forty days of the mailing of the evaluation. In *Hauser,* we stated that a trial court's determination regarding the prejudgment setting aside of a party's acceptance or rejection of a mediation evaluation rests within that court's discretion and that a judgment on the acceptance should not be set aside absent an abuse of discretion such that a failure to do so would result in substantial injustice. In *Hauser,* with this jurist writing for the panel, we observed:

> A trial court has the discretion to set aside a party's acceptance of a mediation evaluation prior to the entry of a judgment upon the award. *MGM Brakes Division of Indian Head, Inc v Uni-Bond, Inc,* 417 Mich 905; 330 NW2d 853 (1983). Although the determination is discretionary, the judgment on the acceptance should be set aside only if failure to do so would result in substantial injustice. *Muntean v Detroit,* 143 Mich App 500, 511; 372 NW2d 348 (1985). "The court must 'strike a balance between the goal of remedying injustice, on the one hand, and the desire to achieve finality in litigation, on the other hand.'" *Id.* (Citation omitted.)
>
> We will only reverse the lower court where there has been an abuse of discretion. *Muntean, supra.*
>
> "[A]n abuse of discretion involves far more than a difference in judicial opinion between the trial and appellate courts. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made beween competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic

that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. [Spalding v Spalding, 355 Mich 382, 384-385; 94 NW2d 810 (1959).]" [156 Mich App 104-105.]

Emphasizing the "narrow standard of review" applicable, in *Hauser* we affirmed the trial court's refusal to set aside the plaintiffs' acceptance of the mediation evaluation which resulted from their failure to timely respond.

Plaintiffs herein also rely on this Court's decision in *Muntean v Detroit,* 143 Mich App 500; 372 NW2d 348 (1985), which was cited in *Hauser, supra.* In *Muntean,* the defendant appealed from an order denying its motion to set aside a judgment which was entered as a result of the defendant's failure to reject a mediation evaluation within forty days pursuant to WCCR 403.7(e), 403.15(a). The trial judge who denied the defendant's motion to permit late rejection of the mediation evaluation incorrectly believed that he had no discretion to rule in the defendant's favor. This Court remanded the matter for reconsideration of the defendant's motion, noting that it would not necessarily constitute an abuse of discretion to grant a motion to set aside the judgment "based on the admittedly neglectful misplacement of a file in defense counsel's office." *Muntean, supra,* pp 507-508. The panel in *Muntean* cited several cases in which this Court refused to find an abuse of discretion in denying relief under circumstances similar to those present in that case. However, it distinguished those cases, stating:

Nevertheless, affirmance in those cases was based, at least in part, on the standard of review. We did not hold that the trial court would have

abused its discretion by granting relief, but only that the court did not abuse its discretion by refusing it.

That in many cases a court would not abuse its discretion by either granting or denying relief from a judgment is an inevitable result of the standard of review. Whether we apply the nearly insurmountable test of *Spalding v Spalding,* 355 Mich 382, 384-385; 94 NW2d 810 (1959), or the more balanced view suggested in *Langnes v Green,* 282 US 531, 541; 51 S Ct 243; 75 L Ed 520 (1931), the concept of discretion denotes the absence of a single, correct result . . . . [143 Mich App 508-509.]

Thus, *Muntean* makes clear that when a trial court exercises its discretion there is, necessarily, no one correct answer and that the trial court is in the best position to make a discretionary decision because it enjoys the exclusive opportunity to hear the witnesses firsthand. *Muntean, supra,* p 509. The trial court's exercise of discretion in this case is consistent with the *Muntean* rationale; on appeal, we must be mindful that the concept of discretion denotes the absence of a single, correct result.

In my view, the trial judge's exercise of discretion in this case was far from abusive, and I am certainly not left with a definite and firm conviction that the judge erred in denying plaintiffs' request to have their untimely notice received by the mediation tribunal as timely filed, as is the majority in this case. In his findings of fact enunciated on February 14, 1986, Judge Roumell stated:

The 11th day suggested by the secretary in the mailing of the rejection to Mediation Tribunal becomes just as difficult to harmonize to the reality of having it arrived [sic] late and no fault except the United States Postal Service is ex-

tremely difficult for the Court to fathom, and
accept.

While the plaintiffs could show United States
Postal Service statistics that lateness in mail deliv-
ery is indeed not a remote event, neither could
plaintiffs show or hint to any other fact or inter-
vening event which could have arguably claimed
to have caused a delay without any fault on the
part of Mr. Stockler's office.

Continuing, Judge Roumell concluded:

> All items and testimony considered and evalu-
> ated, all benefits and doubts cast to those who
> merited them, and looking at a letter mailed 11
> days prior to its appointed date line for arrival,
> notwithstanding the Postal Service statistics or
> other arguments, the Court cannot and is not
> persuaded that the tardiness of the arrival of the
> rejection can be justified on any ground, not on
> any plausible argument, nor on any convincing
> testimony received during the evidentiary hearing.

The trial court in this matter found the explana-
tion of the secretary to be less than credible. This
was the basis for its ruling, and such finding does
not embody extraordinary or unusual circum-
stances that would render the trial court's refusal
to set aside the evaluation an abuse of discretion.
The court acknowledged that the secretary's sworn
testimony constituted "the linchpin of the overall
structured arguments of the plaintiffs." In the end,
after hearing all the testimony and viewing the
witnesses, the judge chose not to believe. He noted
that the secretary stated that she mailed the
rejection notice on March 10, 1983, although she
could not remember who told her to do so or what
she typed on the rejection form. However, despite
plaintiffs' claim that the testimony of the secretary
was not impeached, there was extensive cross-ex-

amination which questioned why · the secretary could definitely remember certain details regarding the mailing of the mediation rejection, which occurred years earlier, but could not remember whether her recent affidavits were in her own words or dictated to her. In addition, the trial judge's characterization of the testimony regarding delay in the United States mail seems apt and accurate. He remarked that "The difficulty with this data was and is that it was so general, that its direct application to the problem at hand was so minuscule, that the Court could find no worthiness to it." Of some interest, for example, would have been testimony regarding the length of delay for pieces of delayed mail in the downtown Detroit area. The majority stresses that, "If it was delayed delivery on the part of the United States Post Office, then the rejection should have been deemed timely and the motion granted." The most significant word in that sentence, and one which I cannot lightly pass over given the facts in this case, is the first: "If."

In conclusion, I discern no reason to upset the trial court's denial of plaintiffs' motion for reconsideration in light of the facts disclosed at the evidentiary hearing on remand. I particularly adhere to this conclusion in view of the very narrow standard of review applicable in this case. Although another judge might have arrived at a result contrary to Judge Roumell's had he or she presided over the evidentiary hearing, reversal on that ground alone is improper under an abuse of discretion standard of review. If a difference of judicial opinion between trial and appellate court judges is to determine the results in cases such as this, the balance struck under the abuse of discretion standard between the goal of remedying injustice and the desire to achieve finality in litigation

will unnecessarily be compromised. In this perspective, I view the majority's decision in this case reversing the trial court's denial of plaintiffs' motion to represent a significant departure from the proper role of an appellate body.

Accordingly, although I agree with the majority that the doctrine of law of the case is inapplicable in this case and that the timely rejection of a mediation award is not complete upon mailing, for the reasons stated above, I would affirm.