**Michael B. TIEDEL, Plaintiff,**

v.

**BEECH AIRCRAFT CORPORATION, Defendant.**

**No. G81–496 CA.**

United States District Court, W.D. Michigan, S.D.

Oct. 30, 1987.

A. Denison Weaver, Ltd., Chicago, Ill., Joel S. Whetstone, Grand Rapids, Mich., for plaintiff.

Sullivan, Ward & Bone by Richard G. Ward, Detroit, Mich., for defendant.

## OPINION

BENJAMIN F. GIBSON, District Judge.

This matter comes before the Court on plaintiff Tiedel's motion to vacate, alter or amend the March 24, 1987 Order and Judgment granting defendant Beech Aircraft Corporation's ("Beech") Motion for Costs and Attorney's Fees pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d), and United States District Court for the Western District of Michigan Local Court Rule 42(j) and (k). The underlying cause of action in this matter is plaintiff's diversity action against defendant Beech and other defendants for injuries sustained by Tiedel as a result of an airplane crash. Mediation was ordered pursuant to local court rule, and Tiedel rejected the mediation panel's finding of no cause of action. After a jury trial, the jury also returned a verdict of no cause of action. Defendant petitioned the Court for taxation of costs and attorney's fees. After a hearing on the merits, defendant's motion for costs and attorney's fees was granted and judgment was entered in Beech's favor.

## PROCEDURAL ASPECTS OF PLAINTIFF'S MOTION

As an initial matter, the Court must determine whether Tiedel's motion should be entertained or rejected as untimely. In resolving this issue, the procedural aspects of this case merit consideration. This lawsuit was filed July 16, 1981. Mediation was ordered. After numerous delays, a panel was chosen and the hearing was held. On March 8, 1985, a unanimous decision of no cause of action was returned in favor of Beech. Plaintiff rejected the panel's decision; defendant, as expected, accepted. The case proceeded to trial. In April of 1986, a 14-day jury trial was held. At the

trial's conclusion, the jury returned a verdict of no cause of action. Judgment was entered in defendant's favor on April 23, 1986. On May 22, 1986, defendant filed its taxed bill of costs and motion for attorney's fees. On May 28, 1986, notice of appeal was filed by plaintiff. On July 7, 1986, an Order was entered by the Sixth Circuit Court of Appeals dismissing plaintiff's appeal for want of prosecution.

On September 10, 1986, the initial notice of hearing on defendant's motion was served on the parties, scheduling the motion for hearing on October 7, 1986. Due to scheduling conflicts, the hearing was rescheduled to November 4, 1986. No response to the motion was filed and plaintiff's counsel failed to appear at the hearing, although notice was received. Defendant's motion was taken under advisement. On November 14, 1986, plaintiff filed a motion for leave to file a response, *instanter*, to defendant's motion, citing inadvertence and scheduling conflicts as reasons for failing to appear at the hearing. Despite defendant's objections, leave to respond was granted. On December 3, 1986, plaintiff requested leave to file an amended response to the motion which was likewise granted. Re-hearing on the matter was scheduled for March 24, 1987. The hearing was held as scheduled, and both parties presented argument relevant to the motion. At the conclusion of the hearing, defendant's motion was granted in *toto* and judgment was entered on March 26, 1987 in defendant's favor, awarding costs and fees in the amount of $110,993.11.

On April 2, 1987, plaintiff filed his original motion to vacate the Order and Judgment of this Court or, in the alternative, motion to alter or amend the judgment. Although the motion was filed within the ten-day time limit of Federal Rule of Civil Procedure 59(e), the motion was filed without supporting brief, contrary to Local Court Rules 27(a) and 29(a). On April 14, 1987, an Order was entered compelling plaintiff to submit a supporting brief within seven days. On May 4, 1987, plaintiff's brief in support of the motion to vacate was filed. Defendant filed a response, objecting to plaintiff's motion as untimely.

After additional authority was cited by Tiedel in support of the relief granted and additional briefs filed relevant thereto, a third hearing on this matter was scheduled for October 4, 1987. At that time additional argument was presented and the motion was, once again, taken under advisement.

 It is Beech's position that plaintiff's motion to vacate or amend judgment is untimely and without merit. Defendant contends that under Federal Rules of Civil Procedure 52(a) and 59(a) a motion to vacate or amend judgment must be filed within ten days of the entry of judgment and that plaintiff's failure to file his motion in proper form, with supporting brief, and within the time limit prescribed by the Court, is fatal. Federal Rules of Civil Procedure 59 and 60 govern motions for relief from judgment which are not based on factual findings. Rule 59(e) provides that a motion to amend or vacate judgment must be filed within ten days of the entry of judgment. Although plaintiff filed his motion within the statutory time period, no brief in support of the motion was filed as required by local court rules. Such conduct is, in general, unacceptable. However, the Court, in the exercise of discretion and in the interests of justice, may allow additional time for the filing of supporting briefs, albeit outside the statutory time period. Local rules should not be mechanically applied to defeat an otherwise valid claim or defense. Having ordered plaintiff to file a supporting brief, the Court will consider the merits of plaintiff's argument. In any event, the Court finds that Rule 60(b) provides an alternate basis for granting the relief requested.

Under Rule 60(b), a district court "may relieve a party from final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; ... (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective applications; or (6) any other reason

justifying relief from the operation of the judgment."

Under this rule, a trial judge may, in his discretion, reopen a judgment on the basis of an error of law. *Federal Deposit Insurance Corporation v. Castle*, 781 F.2d 1101 (5th Cir.1986). Motions under Rule 60(b) are also appropriate where there has been a clarification or change in the applicable law since submission of the issue to the court. *Fortin v. Commissioner of Massachusetts Department of Public Welfare*, 692 F.2d 790 (1st Cir.1982); *Kern-Tulare Water District v. City of Bakersfield*, 634 F.Supp. 656 (E.D.Cal.1986). Rule 60(b) must be equitably and liberally applied. "Doubt should be resolved in favor of a judicial decision on the merits of a case, and a technical error or a slight mistake by plaintiff's attorney should not deprive plaintiff of an opportunity to present the true merits of his claim." *In re Salem Mortgage Company*, 791 F.2d 456, 457–58 (6th Cir.1986), citing *Roberts v. Rehoboth Pharmacy, Inc.*, 574 F.2d 846, 847–48 (5th Cir.1978). In deciding whether to entertain a motion for relief from judgment, the following factors are relevant to the court's decision:

(1) That final judgments should not lightly be disturbed;

(2) that a Rule 60(b) motion is not to be used as a substitute for appeal;

(3) that the rule be liberally construed in order to achieve substantial justice;

(4) whether the motion was made within a reasonable time;

(5) whether—if the judgment was rendered after a trial on the merits—the movant had a fair opportunity to present his claim or defense;

(6) whether there are intervening equities that would make it inequitable to grant relief; and

(7) any other factors relevant to the justice of the judgment under attack.

*FDIC v. Castle*, 781 F.2d at 1104. In this case, the Court finds that, in the interests of substantial justice, the plaintiff's motion must be entertained. While it is true that several of the arguments advanced by plaintiff could have been raised prior to the entry of judgment, there are other issues which could not have been raised at that time. In particular, the issue of the effect of the Supreme Court's decision in *Crawford-Fitting Company v. J.T. Gibbons, Inc.*, — U.S. —, 107 S.Ct. 2494, 96 L.Ed. 2d 385 (1987), regarding the imposition of expert witness fees as costs, could not have been raised prior to this Court's decision on May 24, 1987. In addition, the motion was filed prior to expiration of the time for appeal and within an otherwise reasonable time period. There is no evidence of detrimental reliance on the judgment by Beech. The issues presented are purely legal in nature. In short, the Court finds that the equities of the situation weigh in favor of deciding the motion on its merits. In reaching this decision, the Court does not condone plaintiff's negligence in failing to raise arguments which could have been raised at an earlier juncture in the proceedings. However, the Court finds that the challenges to the constitutionality and propriety of the imposition of sanctions under the local mediation rule, including expert witness and attorney fees, is an issue of substantial import which should be decided on the merits and not on technicalities. As a result, the Court will address the substantive issues raised by plaintiff's motion.

## SUBSTANTIVE ASPECTS OF PLAINTIFF'S MOTION

The first issue presented concerns the constitutionality and propriety of the imposition of costs pursuant to the mediation rule. Plaintiff challenges the constitutionality of the mediation rule and the authority of this Court to assess fees under the rule. It is plaintiff's position that the rule exceeds the inherent authority of the Court to promulgate rules, and that the rule is in violation of the constitutional right to trial by jury. These arguments are being raised for the first time in this motion to vacate or amend the judgment. On that basis alone, the Court would be justified in denying plaintiff's motion to vacate the award in its entirety. The arguments presented, with one exception, could have been raised prior to mediation, or at least in plaintiff's original response to defendant's motion. They

were not. Instead, plaintiff merely asked the Court to exercise its discretion and deny the motion on the following grounds:

1) Plaintiff felt his case was meritorious;
2) inadequate time to make a meaningful presentation to the mediation panel;
3) the length of time of trial, fourteen days; and
4) the length of time before a jury verdict.

At no time prior to the motion to vacate had plaintiff challenged the propriety of the rule or the amount of costs requested by the defendant despite numerous opportunities to do so. The original award of costs and fees was based in substantial part on the lack of any substantive challenge by plaintiff.

The power to assess or deny costs to parties in civil actions has generally been held to be a valid exercise of the court's inherent power to control the conduct of parties appearing before the court. *White v. Raymark Industries, Inc.,* 783 F.2d 1175 (4th Cir.1986). Rules imposing mandatory alternative dispute resolution have likewise been held to be a proper exercise of the court's power to manage its docket and promote economic use of judicial resources. *New England Merchants Nat'l Bank v. Hughes,* 556 F.Supp. 712 (E.D.Pa.1983). In fact, the Eastern District's Local Rule 32, after which this district's rule is patterned, has been found constitutional and a proper exercise of the court's inherent power. *Rhea v. Massey-Ferguson,* 767 F.2d 266 (6th Cir.1985). Although the issue of the imposition of costs was not presented, the Court of Appeals held that the mediation rule does not violate the Seventh Amendment right to a jury trial. The Court further held that the rule is consistent with the Federal Rules of Civil Procedure. *Id.* Thus, the authority of this Court to require mandatory mediation has been upheld.

This finding does not conclude the Court's inquiry. It is apparent from the arguments presented that plaintiff challenges not the rule in its entirety but the cost-shifting provisions of the rule. Specifically, sections 42(j)(3) and (k) provide as follows:

[ (j) ](3) If the mediation panel's evaluation is unanimous and the defendant accepts the evaluation but the plaintiff rejects it and the matter proceeds to trial, the plaintiff must obtain a verdict in an amount which, when interest on the amount and costs from the date of filing of the complaint to the date of the evaluation are added, is more than ten (10) per cent greater than the evaluation in order to avoid the payment of actual costs to the defendant.

\* \* \* \* \* \*

(k) Actual Costs. Actual costs include those costs and fees taxable in any civil action and atttorneys' fees for each day of trial as may be determined by the court.

Plaintiff objects to the imposition of costs, including expert witness and attorney's fees, pursuant to the mediation rule. It is plaintiff's contention that the rule is subject to the limitation found in 28 U.S.C. § 2071 which provides that "the rules adopted by district courts must be consistent with Acts of Congress and rules of practice and procedure prescribed by the Supreme Court." Plaintiff argues that Local Rule 42(j) and (k), in imposing the prevailing party's actual costs on the losing party, is inconsistent with both the Federal Rules of Civil Procedure and 28 U.S.C. § 1920 because neither the statute nor the Rules contain any provision for including as "costs" the prevailing parties actual expert witness fees or attorney's fees.

As written, the Rule 42 is a valid exercise of the Court's inherent power to conduct its business in an economical and efficient manner. There are numerous reasons for assessing costs after rejection of the mediation panel's decision. The rule is designed to encourage the speedy and efficient resolution of disputes and to avoid if possible the unnecessary expense and time involved in litigation. The imposition of costs is a necessary and effective means of encouraging parties to seriously consider the mediation panel's assessment of the case. Without such a rule, there would be little incentive for the parties to accept

mediation. In addition, the costs allowed under the rule are narrowly tailored to limit the amounts assessed. The Court retains the power to exercise its discretion and may deny or limit the amount awarded. The fact that the plaintiff acted in good faith, the length of time for trial, or the length of time needed for a jury verdict are relevant but not dispositive. After reviewing the record in this case, as well as the arguments of counsel and the relevant law, the Court finds that the award of costs pursuant to the mediation rule should be affirmed in part and vacated in part.

■ In cases brought under federal law, the general rule is that, pursuant to the "American Rule," attorney's fees are not recoverable as costs. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). This limitation has been construed by the Supreme Court to prohibit the imposition of attorney's fees as sanctions for failure to improve one's position at trial, after rejection of a reasonable settlement offer, absent explicit statutory or contractual authority for the imposition of attorney's fees in general. *Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). In *Marek*, the Supreme Court addressed the issue of whether Federal Rule of Civil Procedure 68 could be utilized to diminish the amount of attorney's fees available to a successful plaintiff under 42 U.S.C. § 1988. *Id.* Rule 68 provides that "if a timely pretrial offer of settlement is not accepted and the judgment finally obtained is less favorable than the offer, the offeree must pay the costs incurred after the making of the offer." Fed.R.Civ.Proc. 68. The rule was promulgated to prompt both plaintiffs and defendants in a lawsuit to evaluate the risks and costs of litigation and to balance them against the likelihood of success upon a trial on the merits. The clear purpose of the rule, like the mediation rule at issue here, is to promote settlements and to avoid needless litigation. *See Marek, Id.* 105 S.Ct. at 3015. The Supreme Court analyzed the purpose of Rule 68 in light of the "American Rule" and the statutory purposes of § 1988. The Court held that where the term "costs" is defined by statute to in-

clude attorney fees, such fees are to be included as costs for purposes of Rule 68. *Id.* Based on the Court's holding it is clear that in the appropriate circumstances, the imposition of costs, including attorney's fees, for failure to improve one's position at trial is not inconsistent with the federal rules and within the Court's inherent authority. However, neither *Marek* nor *Alyeska Pipeline* control the issue of the imposition of attorney's fees in the case before the Court.

■ In cases brought in federal court pursuant to diversity jurisdiction under 28 U.S.C. § 1441, state law and not federal law controls the imposition of attorney's fees, including those imposed as costs. *See Alyeska Pipeline*, 421 U.S. at 259 n. 31, 95 S.Ct. at 1622 n. 31. *See also Rockwood Insurance Co. v. Clark Equipment Co.*, 713 F.2d 577 (10th Cir.1983); *Wagstaff v. Manufacturers National Bank of Detroit*, 588 F.Supp. 1389 (E.D.Mich.1984). Thus the Court must look to Michigan law to determine whether the imposition of attorney's fees as costs is proper. Under Michigan law, attorney's fees may not be recovered as an element of costs unless they are authorized by statute or court rule. *Baumgardner v. Balmer*, 157 Mich.App. 159, 403 N.W.2d 525 (1987). The Michigan legislature has expressly provided that "when costs are allowed, any attorney fees authorized by statute or court rule may be taxed and awarded as costs." M.C.L. § 600.2401; M.C.L. § 600.2405(6). Under Michigan's mandatory mediation rule, attorney's fees may be awarded as costs if a party fails to recover a verdict greater than that awarded by the mediation panel. G.C. R. 1963, 316.8, now M.C.R. 2.403(O). This rule is analogous to the mediation rule adopted by this Court. In fact, the mediation systems in place in the United States district courts in Michigan are patterned after the Michigan system. *See K. Shuart, The Wayne County [Michigan] Mediation Program in the Eastern District of Michigan* (Federal Judicial Center 1984). *See also A. Levin and D. Golash, Alternative Dispute Resolution in Federal District Courts* 36–38 (Federal Judicial Center

1986). Based on these facts, the Court finds that the imposition of attorney's fees as costs pursuant to the mediation rule is a valid exercise of this Court's rule-making authority when utilized, in conjunction with Michigan law, in cases brought under diversity jurisdiction. Accordingly, the award of attorney's fees to Beech pursuant to the rule is reaffirmed.

■ Plaintiff also objects to the imposition of enhanced expert witness fees as taxable costs pursuant to the mediation rule. It is plaintiff's position that the imposition of such costs in excess of the statutory limits is inconsistent with federal statutory law and thus prohibited. Defendant contends that "actual costs" assessed pursuant to the mediation rule are not limited by federal statutory law and thus may include other costs in excess of the statutory limit. While the Court agrees that actual costs are not specifically limited to those costs provided by 28 U.S.C. § 1920, the Court finds that the only costs taxable pursuant to the mediation rule are limited to "those costs taxable in any civil action *and* attorney's fees for each day of trial." Although the taxation of attorney's fees as costs in a diversity action is governed by state law, taxation of other costs is governed by federal law. *See* 10 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d § 2669* (1983). *See also Bosse v. Litton Unit Handling Systems,* 646 F.2d 689 (1st Cir.1981). Pursuant to Federal Rule of Civil Procedure 54(d) and the clear wording of the mediation rule, Beech is only entitled to those costs allowed under 28 U.S.C. § 1920, which reads as follows:

A judge or clerk or any court of the United State may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

*See generally* Bartell, *Taxation of Costs and Awards of Expenses,* 101 F.R.D. 553 (1984).

Circuit courts had previously split on the issue of whether Rule 54(d) and 28 U.S.C. § 1920 permitted the taxation of expert witness fees in excess of the thirty dollar ($30) limit mandated by 28 U.S.C. § 1821. *See Murphy v. International Union of Operating Engineers,* 774 F.2d 114, 132–34 (6th Cir.1985) and cases cited therein; *Johnson v. Hubbard,* 698 F.2d 286 (6th Cir.1983); *Northcross v. Board of Education of Memphis City Schools,* 611 F.2d 624 (6th Cir.1979). However, in light of the Supreme Court's ruling in *Crawford-Fitting,* it is clear that absent an express statutory basis or other authority, the taxation of such costs in excess of the statutory limits is not permitted. In *Crawford-Fitting Co. v. J.T. Gibbons,* the Supreme Court held that absent explicit statutory or contractual authority, a federal court may not tax expert witness fees against a losing party in excess of the thirty dollars ($30) per day statutory fee mandated by 28 U.S. C. § 1821. 107 S.Ct. at 2498. Thus, neither Rule 54(d) nor the mediation rule, which provides for the taxation of routine costs, may be used for the taxation of enhanced expert witness fees as "costs taxable in any civil action." To the extent that the costs awarded by the Court included payment of expert witness fees in excess of thirty dollars ($30) per day of trial testimony, the award must be reduced by that amount. A review of the record reveals the following testimony at trial by defendant's expert witnesses:

Jack Eggspuehler 4/15/86
Gary Thompson 4/15/86 and
4/16/86
Lawrence Loesel 4/16/86
Arnold Siegel 4/17/86
Charles Morin 4/17/86 and
4/18/86

Thus, defendant is entitled to costs in the amount of two hundred and ten dollars ($210) for expert witness testimony during trial. In the Order dated May 24, 1987, the Court awarded compensation for seven expert witnesses in the total amount of $63,-350.10. This award is $63,240.10 in excess of the amount allowed by statute for witness fees. Accordingly, the Judgment of the Court will be revised to correct this error.

## CONCLUSION

In conclusion, plaintiff's motion to vacate, alter or amend judgment is granted in part. The award of attorney's fees pursuant to the mediation rule, Local Rule 42, is reaffirmed. The award of expert witness fees in excess of the thirty dollars ($30) per day statutory limit is vacated. The Judgment of the Court dated May 24, 1987 is amended to reflect an award of costs and attorney's fees to defendant Beech Aircraft Corporation in the amount of $47,753.01.