**Michael P. LENAGHAN and Margaret Lenaghan, Plaintiffs–Appellees,**

*v.*

**PEPSICO, INC., Pepsi–Cola of Michigan, Inc., and Frito–Lay, Inc., jointly and severally, Defendants–Appellants.**

**No. 91–1616.**

United States Court of Appeals, Sixth Circuit.

Argued March 23, 1992.

Decided April 20, 1992.

Rehearing Denied June 11, 1992.

Dennis W. Cleary, Novi, Mich. (argued and briefed), for plaintiffs-appellees.

. Richard E. Lieberman, Mark N. Woyar, James M. Gecker (argued and briefed), Ross & Hardies, Chicago, Ill., Gregory V. Murray, Butzel, Long, Gust, Klein & Van Zile, Detroit, Mich., for defendants-appellants.

Before: JONES, GUY, and BATCHELDER, Circuit Judges.

PER CURIAM.

The defendants appeal from the district court's decision to enter judgment for the plaintiffs upon a mediation panel's decision. The court entered judgment after finding that the defendants failed to reject the panel's decision within the time specified by a local court rule. Finding that the defendants' failure to reject on time was excusable, we reverse and remand.

## I.

The plaintiffs, Michael and Margaret Lenaghan, filed this action against the defendants, Mr. Lenaghan's former employers, in a Michigan state court in September 1989. The defendants, Pepsico, Inc., Pepsi–Cola of Michigan, Inc., and Frito–Lay, Inc., removed the case to federal district court two months later.

In October 1990, the parties stipulated to an order referring the case to non-binding mediation. *See* Local Rule 32, E.D.Mich. The mediation panel heard arguments on January 8, 1991. At the conclusion of the hearing, the panel announced an evaluation in favor of the plaintiffs for $45,000 and handed copies of the evaluation to counsel for both sides. The defendants' attorney immediately informed the plaintiffs' attorney that the defendants would reject the evaluation.

> The local mediation rule requires that: Written acceptance or rejection of the Mediation Panel's evaluation shall be given to the Tribunal Clerk within 28 days of the mailing of the evaluation.... At the expiration of the above period, the Tribunal Clerk shall send a notice indicating each counsel's acceptance or rejection of the evaluation.

Local Rule 32(e)(5). The rule further provides that, "[i]f the Mediation Panel's evaluation is not rejected by any of the parties within 28 days, a judgment shall be entered by the Court in the amount of the award." Local Rule 32(j)(1).

On February 5, 1991, 28 days after receiving the panel's decision, the defendants' counsel mailed a rejection notice to the tribunal clerk. The tribunal clerk received the rejection three days later. The clerk then notified the district court and the parties that the plaintiffs had accepted the panel's evaluation and that the defendants had accepted the evaluation by filing a late rejection.

The plaintiffs immediately filed a motion for entry of judgment on the panel evaluation. The court held two hearings on the motion. At both hearings, the defendants conceded that they had filed the rejection late, but urged the court to excuse the mistake. The district court rejected the defendants' entreaties and entered judgment on the mediation panel's evaluation.

Two days later, the defendants filed a motion to reconsider, arguing for the first time that the February 5 mailing was timely and, alternatively, that the court lacked authority to enter judgment as a sanction for a procedural default. The district court denied the motion without opinion. The defendants then filed a motion to set aside the judgment, pursuant to Fed.R.Civ.P. 59(e). This motion again advanced the arguments raised in the motion to reconsider and added a claim that the decision deprived the defendants of their right to a jury trial. The district court denied this second motion, again without opinion. This appeal followed.

## II.

Before deciding whether the district court abused its discretion by refusing to relieve the defendants from the consequences of their procedural misstep, we first must consider the defendants' claim that the rejection notice was timely. We disagree.

The defendants argue that they satisfied the requirement that a rejection "be given" to the tribunal clerk within 28 days by mailing the rejection on the 28th day. Thus, the defendants argue that "be given" is synonymous with "be sent." We find that a more natural reading of the phrase is that the tribunal clerk must receive the rejection within 28 days. The language following the disputed phrase that requires the tribunal clerk to send notice of the results "at the expiration" of the 28–day period bolsters our conclusion. The tribunal clerk cannot send such notice at the end of the 28th day if he or she has not yet received rejections mailed that day.

The seemingly contrary interpretation of Local Rule 32 appearing in *Lofton v. J.L. Hudson Co.*, No. 86–1538 (6th Cir. Apr. 14, 1987) [816 F.2d 680 (table)], does not change our conclusion. In *Lofton*, a party mailed a notice rejecting a mediation evaluation two days before the deadline, but

sent the rejection to the court instead of to the tribunal clerk. The court received the rejection on the day of the deadline and returned it to counsel. The tribunal clerk finally received the rejection six days after the deadline. We affirmed the district court's refusal to allow a late filing. In passing, we stated that the local rule requires rejections "to be mailed to the tribunal within 28 days." *Lofton*, slip op. at 3. That statement was not a holding, and, *Lofton*, unlike this case, did not turn on the distinction between mailing and receipt. The reference to mailing in *Lofton* was in the context of *to whom* it should be mailed, not *when* it should be mailed. We therefore decline to attach any significance to that statement, particularly since it appears in an unpublished opinion.[1]

■ The defendants also argue that the 28–day period never began because the tribunal clerk did not mail the panel's evaluation to the parties. Although Local Rule 32 does state that the clock begins to run when the clerk mails the evaluation, no mailing was necessary in this case because the mediation panel *physically handed* copies of the evaluation to counsel on the day of the hearing. A mailing is only necessary when the panel does not decide the case immediately. *See* Local Rule 32(e)(4) (requiring panel to "notify" counsel of its evaluation within 14 days of hearing); *see also MGM Brakes Div. of Indian Head, Inc. v. Uni–Bond, Inc.*, 111 Mich. App. 467, 315 N.W.2d 170, 172 (1981) (holding that, under identical "mailing" language in Wayne County rule, clock began running when panel physically served evaluation to counsel), *remanded on other grounds*, 417 Mich. 905, 330 N.W.2d 853 (1983).

We therefore find that the district court correctly determined that the defendants' rejection notice was given to the tribunal clerk three days late.

### III.

■ The defendants next argue that Local Rule 32, by allowing or mandating the entry of a judgment based on a procedural error, violates the Federal Rules of Civil Procedure and the Seventh Amendment. We disagree.

The federal rules allow district courts to adopt local rules "not inconsistent with these rules." Fed.R.Civ.P. 83. The defendants contend that Local Rule 32 is inconsistent with Fed.R.Civ.P. 55(a), which allows a court to enter a default judgment against a party that "has failed to plead or otherwise defend."

The defendants have not suffered a default judgment in this case. *See Leal v. Interstate Brands Corp.*, 765 F.2d 145 (6th Cir.1985) (finding "inapt" defendant's attempt to analogize a default judgment to a judgment entered after its failure to reject panel evaluation). Instead, the district court entered judgment based on the defendants' "acceptance" of the mediation award. Although the defendants maintain they did not accept the award, we fail to see how a local rule defining silence as acceptance violates Fed.R.Civ.P. 55.[2]

■ The defendants next contend that Local Rule 32 violates Fed.Rule Civ.P. 39 and the Seventh Amendment by infringing upon the right to a trial by jury. We rejected a similar argument in *Rhea v. Massey–Ferguson, Inc.*, 767 F.2d 266 (6th Cir.1985). In *Rhea*, the defendant challenged the district court's authority to man-

---

1. We also observe that the Eastern District of Michigan adopted the language at issue here from the former Wayne County Circuit Court Rule 403.7. The Wayne County rule was interpreted to require that the tribunal clerk receive a written rejection within 28 days. *See Mills v. Franco Food Equip., Inc.*, 161 Mich.App. 376, 409 N.W.2d 829, 830 ("we hold that timely rejection of the mediation award is not complete upon mailing"), *rev'd on other grounds*, 429 Mich. 875, 414 N.W.2d 888 (1987), *cert. denied*, 486 U.S. 1033, 108 S.Ct. 2017, 100 L.Ed.2d 604 (1988).

2. The defendants' citation to *Tiedel v. Northwestern Michigan College*, 865 F.2d 88 (6th Cir. 1988), is not helpful. In *Tiedel*, we held that the Western District of Michigan's version of Local Rule 32 was inconsistent with the Fed.R.Civ.P. 68 because it authorized the recovery of attorney's fees against a party that rejected a mediation evaluation and lost at trial. That holding is not relevant here because it turned on the longstanding presumption, embodied in the federal rules, against awarding attorney's fees. *Id.*, 865 F.2d at 93–94.

date non-binding mediation under Local Rule 32. We held that the right to a jury was not infringed, even though a party rejecting the mediation evaluation could be ordered to pay costs if the jury ultimately agreed with the mediation panel. *Id.* at 268–69. We stressed that the rule preserved the right to a jury because any party could reject the evaluation and demand a trial. *Id.* at 269.

In the instant case, the defendants initially agreed to submit the dispute to the mediation panel. By failing to reject the panel's decision in time, they were deemed to have accepted the evaluation. We find that Local Rule 32 does not violate the Seventh Amendment or Fed.R.Civ.P. 39 because any party who disagrees with the panel's evaluation has ample opportunity to reject the evaluation and demand a jury trial.

### IV.

█ The defendants' final argument is that, even if the rejection notice was late under a valid local rule, the district court abused its discretion by refusing to grant relief from the harsh effects of the misstep. The plaintiffs respond that the district court had no discretion in the matter since Local Rule 32(j) provides that the court "shall" enter a judgment on the evaluation if no party rejects it within 28 days.

█ Notwithstanding the mandatory language of Local Rule 32, the district court retains authority to relieve a party of a judgment that results from a mistake or excusable neglect. *See* Fed.R.Civ.P. 60(b). Therefore, we must review the district court's refusal to grant relief for abuse of discretion.

In two unpublished opinions, we have affirmed refusals to grant relief from late rejections of mediation panel decisions. In *Lofton,* the defendant sent its rejection to the district court instead of to the tribunal clerk. In *Leal,* the defendant failed to file a timely rejection notice because counsel believed that the failure to respond would be treated as a rejection. In both cases, we concluded that the district court did not abuse its discretion in denying relief.

However, the defendants' conduct in the instant litigation presents a stronger case for relief than was present in either *Lofton* or *Leal.* A cursory reading of the local rule would have informed the counsel in *Lofton* that the rejection had to be given to the tribunal clerk. Similarly, counsel in *Leal* could not have concluded that silence would be treated as a rejection if he had read the local rule. In this case, by contrast, the rule does not state unambiguously that the tribunal clerk must receive the rejection within 28 days. That interpretation becomes clear only when one carefully reads the time provision in context with the surrounding provisions. Therefore, counsel's mistake does not reflect the type of carelessness present in *Lofton* and *Leal.*

We must decide, then, whether other factors support the district court's refusal to grant the defendants relief. Although the defendants' attempt to characterize the entry of judgment as a default judgment is inapt, the factors used in deciding whether to relieve parties of defaults are relevant to our analysis. In such cases, we consider the culpability of the defaulting defendant, prejudice to the plaintiff, and whether the defendant has a meritorious defense. *Berthelsen v. Kane,* 907 F.2d 617, 620 (6th Cir.1990). As to the culpability of the defendants, we conclude that the defendants' error was based on an excusable misreading of a somewhat ambiguous local rule.

The plaintiffs concede that the three-day delay in filing the rejection did not prejudice them. In fact, immediately after the panel announced their decision, the defendants' counsel informed the plaintiffs' counsel of the defendants' intention to reject. The plaintiffs, therefore, continued their preparations for trial.

Although inconvenience and confusion are not factors listed in *Berthelsen,* it is worth noting there was no confusion resulting from the delay. The tribunal clerk did not send out the parties' responses to the evaluation until after receiving the defendants' rejection. The clerk's notice to the court and the parties indicated that the defendants attempted to reject the evalua-

tion. Therefore, the court and the plaintiffs never labored under any misapprehension as to defendants' intent.

The plaintiffs do not deny that the defendants may have substantial defenses to their claims. Thus, it does not appear that the defendants seek to set aside the judgment for dilatory or frivolous reasons.[3]

Finally, we agree with the defendants that the rigid enforcement of the local rule in a case such as this would tend to discourage future litigants from submitting their disputes to mediation. Mediation will not be an attractive alternative to trial if parties perceive the process to be full of traps for the unwary.

We believe that there is a substantial interest in requiring prompt responses to panel evaluations. However, we do not believe that this interest justifies the result obtained here when the rejection was late due to an understandable, albeit mistaken, reading of Local Rule 32.

We therefore conclude that the district court abused its discretion in granting the plaintiffs' motion for entry of judgment and denying the defendants' request for relief from that judgment. Accordingly, we REVERSE the judgment and REMAND for further proceedings consistent with this opinion.

NATHANIEL R. JONES, Circuit Judge, concurring in the result.

I agree with the majority that the unpublished case of *Lofton v. J.L. Hudson Co.*, No. 86–1538 (6th Cir. Apr. 14, 1987) [816 F.2d 680 (table)] (Westlaw, CtA6 database) lacks precedential value for deciding whether "given" in Eastern District of Michigan Local Rule 32(e)(5) means "mailed" or "delivered." I would find, however, that it does have precedential value on the issue of whether the district court has discretion in applying the local rule. *See Lofton*, at *4 ("[A] mediation acceptance is not 'carved in stone' and a judge has the power to set it aside based on the circumstances."). In the instant case, the district court mistakenly believed that

it lacked discretion. Ordinarily, this situation might require a remand, but here the proper exercise of discretion, once found to exist, is clear. In contrast to the defendant in *Lofton*, Pepsico was not dilatory. *Cf. id.* ("Hudson not only failed to mail [the rejection] to the correct location but, after learning of its error, waited over two weeks before moving for leave to file late."). Furthermore, Pepsico's interpretation of the local rule was not objectively unreasonable. Accordingly, I concur in the result.

---

**3.** If the defendants lack a substantial defense, they run the risk of losing at trial and having to pay costs for rejecting the panel's evaluation. *See* Local Rule 32(j)(3).