RENO v GALE

Docket No. 91906. Submitted October 6, 1987, at Lansing. Decided December 9, 1987.

Molly H. Reno brought an action in Washtenaw Circuit Court against Glen R. Gale and two companies owned by Gale for attorney fees. The matter was assigned to William F. Ager, Jr., J., who, on defendant's motion, disqualified himself because plaintiff was well known to him. Patrick J. Conlin, J., in his capacity as chief judge of the circuit, heard plaintiff's motion to compel discovery. Later Judge Conlin heard plaintiff's further motion for discovery and ordered that defendant Gale appear at a scheduled deposition; however, Gale did not attend the deposition. Plaintiff moved for dismissal of defendant's counterclaims on the basis that Gale's conduct evidenced a pattern of avoidance and that other sanctions had not been effective. Defendants moved for the disqualification of Judge Conlin. Judge Conlin ordered that defendants' counterclaims be dismissed unless defendants paid plaintiff's attorneys $500 each and that the court be provided with a letter from Gale's doctor indicating that Gale's visit to the doctor at the time of the scheduled deposition was an emergency visit. When defendants failed to satisfy the conditions in the order, Judge Conlin dismissed defendants' counterclaims. Judge Conlin thereafter disqualified himself on the basis that plaintiff was a practicing attorney who often had appeared before him. Then each of the other judges of the Washtenaw Circuit disqualified himself on the same basis or on the basis of personal bias for or against plaintiff. Daniel L. Sullivan, J., was assigned to preside over the matter. The matter was submitted to arbitration. The arbitration panel returned an evaluation of $12,500 in favor of plaintiff. Plaintiff accepted the evaluation. No response was forthcoming from defendants. Plaintiff moved for entry of judgment

REFERENCES

Am Jur 2d, Appeal and Error §§ 948 *et seq.*
Am Jur 2d, Depositions and Discovery §§ 357 *et seq.*; 373 *et seq.*
Am Jur 2d, Judges §§ 86 *et seq.*
Time for asserting disqualification of judge, and waiver of disqualification. 73 ALR 2d 1238.

on the mediation evaluation. Defendants moved to set aside their implied acceptance of the mediation evaluation on the basis that their rejection had been sent but had never been received by the mediation clerk. Judge Sullivan denied defendants' motion, basically holding that the court lacked jurisdiction to set aside an acceptance which resulted from the failure to file a timely rejection, and granted plaintiff's motion for entry of judgment on the mediation evaluation. Defendants' subsequent motion to set aside that judgment was denied. Defendants appealed.

The Court of Appeals *held:*

1. The motion for disqualification of Judge Conlin was not brought in a timely fashion; accordingly, the right to raise that issue was waived. Furthermore, defendants failed to show any actual prejudice on the part of Judge Conlin.

2. Judge Conlin's dismissal of defendants' counterclaims did not constitute an abuse of discretion under the circumstances. Judge Conlin properly found that defendant Gale was persistent in his failure to abide by the court's orders for discovery and that some significant sanction was required. The sanction imposed, although harsh, was reasonable.

3. It was error for Judge Sullivan to deny defendant's motion to set aside the implied acceptance of the mediation award on the mistaken belief that he lacked the power to grant the requested relief. The matter must be remanded for consideration of whether defendants established good cause for the court to exercise its discretionary power to grant the requested relief.

Affirmed in part, reversed in part, and remanded.

1. JUDGES — DISQUALIFICATION — PRESERVING QUESTION.

The failure of a party to seek the disqualification of a trial judge in a timely fashion acts to waive the right of that party to later raise the question of the propriety of the trial court's refusal to immediately grant a subsequent motion for disqualification.

2. MOTIONS AND ORDERS — DISCOVERY — COURT RULES — SANCTIONS.

It is not an abuse of discretion to dismiss with prejudice a defendant's counterclaims where the defendant evidenced a pattern of avoiding discovery and a disregard for the court's orders compelling discovery.

3. TRIAL — MEDIATION — RELIEF FROM JUDGMENT — JUDICIAL DISCRETION.

It is error requiring reversal for a trial court to deny a motion to set aside the acceptance of a mediation evaluation as mandated by court rule which resulted from a failure to timely reject the

evaluation under the mistaken belief that it lack discretion to set aside the acceptance upon a finding that the rejection was mailed in a timely fashion but, for reasons unknown, was not received on time by the clerk (MCR 2.612[e][1]).

*Molly H. Reno,* in propria persona, and *Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Patrick M. Barrett* and *Christine D. Oldani*), for plaintiff.

*Katner & Associates* (by *Thomas F. Wieder*), for defendants.

Before: J. B. SULLIVAN P.J., and HOOD and M. E. CLEMENTS,* JJ.

J. B. SULLIVAN, P.J. Plaintiff, an attorney previously retained by defendants, brought this action in Washtenaw Circuit Court for attorney fees. Defendant Glen R. Gale is the owner of the defendant businesses.

On September 26, 1985, a default judgment was entered against defendants for failure to answer plaintiff's complaint. Judge Conlin, who was presiding at the time, dismissed defendants' counterclaims with prejudice because Gale failed to obey the court's discovery order. Thereafter, Judge Conlin disqualified himself and was replaced by Monroe Circuit Judge Daniel L. Sullivan.

After defendants failed to timely reject the mediation evaluation, Judge Sullivan entered a judgment in plaintiff's favor for the amount of the mediation award, $12,500, plus fees and costs. Following a hearing on March 26, 1986, Judge Sullivan denied defendants' motions to set aside the judgment and for a new trial.

Defendants appeal as of right from Judge Con-

* Circuit judge, sitting on the Court of Appeals by assignment.

lin's dismissal of defendants' counterclaims and from Judge Sullivan's refusal to set aside defendants' implied acceptance of the mediation award. We affirm in part, reverse in part and remand the matter to the trial court for further consideration.

On appeal, defendants argue that Judge Conlin's order dismissing their counterclaims is void because he should have disqualified himself from hearing the case prior to making that order. Alternatively, defendants maintain that Judge Conlin's order of dismissal was an abuse of discretion.

Judge William F. Ager, Jr., was the first judge assigned to this case. Defendants subsequently filed a motion to disqualify Judge Ager because of remarks he had made indicating that be found plaintiff to be credible, knowing that she is a local practicing attorney. Judge Ager then disqualified himself for the reason that plaintiff was well known to him. Thereafter, Judge Patrick J. Conlin heard motions in his capacity as chief judge of the Washtenaw Circuit Court. Defendants did not object to Judge Conlin's presiding at the March 13, 1985, hearing on plaintiff's motion to compel discovery. Although Judge Conlin was assigned the case, according to the parties, he indicated that he intended to disqualify himself before trial because he knew plaintiff as a member of the local bar. MCR 2.003(B)(7).

At a hearing on August 28, 1985, Judge Conlin denied defendants' motion to adjourn the scheduled deposition of Gale. The court ordered defendant Gale to remain for his scheduled deposition that afternoon and not to leave for a doctor's appointment. Gale left anyway. Plaintiff moved for dismissal of defendants' counterclaims on the basis that Gale's conduct evidenced a pattern of avoidance and that a prior sanction of imposing costs had not deterred him. On September 18, 1985, the

day of the motion hearing, defendants moved to disqualify Judge Conlin.

At this hearing, the court found that defendants had violated its order requiring Gale to appear and remain at the deposition. Judge Conlin ordered that defendants' counterclaim be dismissed unless defendants paid plaintiff's attorneys $500 each and provided the court with a letter signed by Gale's doctor verifying that the appointment was an emergency and that Gale had actually gone. The court twice extended the time for defendants' filing of that letter, but defendants did not comply. Accordingly, Judge Conlin dismissed defendants' counterclaim pursuant to MCR 2.313.

Judge Conlin subsequently gave notice of his disqualification, dated November 1, 1985, giving as the reason that plaintiff was a practicing attorney before him. The rest of the judges of the Washtenaw Circuit then followed suit, each disqualifying himself for either the same reason or because he was personally biased for or against a party or attorney. MCR 2.003(B)(2), (B)(7). The case was then assigned to Judge Sullivan.

At the onset, we question the practice wherein all judges in the Washtenaw Circuit disqualify themselves merely because a party is a practicing attorney before them. Although we recognize that in certain instances disqualification is necessary, we find no legal or ethical basis for such an action simply because a trial judge is acquainted with a party as a local practitioner.

Nonetheless, we address the merits of this case and conclude that defendants have waived the issue of disqualification by their failure to timely assert this issue. See *Salvador v Connor,* 87 Mich App 664, 671; 276 NW2d 458 (1978), lv den 406 Mich 966 (1979), reconsideration den 409 Mich 866 (1979); *People v Dixson,* 403 Mich 106; 267 NW2d

423 (1978); *People v Cocuzza,* 413 Mich 78; 318
NW2d 465 (1982), reh den 413 Mich 1108 (1982).
Defendants were content to allow Judge Conlin to
hear motions and keep their case in progress until
Judge Ager was replaced. Indeed, they did not
raise any objection until threatened with dismissal
of their counterclaims. We find defendants' con-
duct to be a tacit approval for Judge Conlin to
preside and we will not reward the failure to raise
an objection in a timely fashion with reversal. In
addition, we do not find that defendants have
shown actual prejudice inasmuch as their failure
to timely raise the issue of disqualification leads us
to reasonably infer that they did not necessarily
believe that the judge was biased.

Given these facts, we are unpersuaded that
there was error and therefore we affirm.

We find defendants' next issue to be likewise
without merit. Considering the circumstances, we
find that Judge Conlin did not abuse his discretion
by dismissing defendants' counterclaims with prej-
udice. *Kurczewski v State Highway Comm,* 112
Mich App 544, 550; 316 NW2d 484 (1982), lv den
414 Mich 957 (1982).

In eight months plaintiff was unable to take a
full deposition from Gale, despite the fact that
numerous notices of taking depositions had been
filed and plaintiff had secured Judge Conlin's
March order compelling discovery. On August 28,
the court ordered Gale to remain for his deposition
and not to leave for his doctor's appointment.
Nonetheless, Gale left. Moreover, Gale never sub-
mitted a letter from his doctor verifying that the
appointment was an emergency and could not be
rescheduled, even though the court twice extended
the time for filing the letter. We can only infer
that Gale's course of conduct was a deliberate
contempt of the court's authority and further evi-

dence of his intent to obstruct the discovery process. Under these facts we cannot conclude that the sanctions imposed, although harsh, were unreasonable. MCR 2.313(B). As we find no abuse of discretion by the court, we affirm.

Finally, defendants argue that Judge Sullivan erred in denying the motion to set aside their acceptance of the mediation evaluation. In this case, plaintiff accepted in writing the mediation evaluation of $12,500. As defendants failed to timely respond, they were deemed to have accepted. MCR 2.403(L)(1). Plaintiff then moved to have defendants' deemed acceptance affirmed and judgment entered thereon. Defendants opposed the motion and sought to have the acceptance set aside, claiming that a timely rejection had been sent but never received by the clerk.

MCR 2.612(C)(1), formerly GCR 1963, 528.3, provides:

> On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:
> (a) Mistake, inadvertence, surprise, or excusable neglect.
>
>       *    *    *
>
> (f) Any other reason justifying relief from the operation of the judgment.

It is within the trial court's discretion to set aside a party's acceptance of a mediation evaluation prior to the entry of a judgment upon the award. *Hauser v Roma's of Michigan, Inc,* 156 Mich App 102, 104; 401 NW2d 630 (1986); *MGM Brakes Division of Indian Head, Inc v Uni-Bond, Inc,* 417 Mich 905; 330 NW2d 853 (1983); *Busch v Hoffmeyer,* 158 Mich App 786, 790-791; 405 NW2d

220 (1987). Although discretionary, a court should set aside a judgment on the acceptance only if failure to do so would result in substantial injustice. *Hauser, supra* at 104. In making a determination, the court must "strike a balance between the goal of remedying injustice, on the one hand, and the desire to achieve finality in litigation, on the other hand." *Id.* at 104-105.

On February 5, 1986, a hearing was held on plaintiff's motion wherein plaintiff's counsel argued for strict compliance with the court rule, stating: "I don't think the Court has any latitude in not entering a judgment." This is clearly incorrect. *Muntean v Detroit,* 143 Mich App 500, 507; 372 NW2d 348 (1985); MCR 2.612(C)(1). In apparent confusion over the language of MCR 2.403(L)(1), the court interpreted the rule as requiring an entry of judgment once acceptance or failure to reject is established:

> *The Court:* All right. As I indicated before, the mediation evaluation was made on December 5th. The Court rule provides for 28 days to answer. The Court Rule further provides:
>
> \* \* \*
>
> " . . . The failure to file a written acceptance or rejection within 28 days constitutes acceptance." That is clear. The failure to reject constitutes acceptance. Then in subsection three or rather subsection M:
>
> "If all the parties accept the panel's evaluation, judgment will be entered in that amount, . . . " It seems clear to me that both parties had accepted, albeit tacitly in one part, and since that is the case the judgment will enter.
>
> Accordingly, the motion for entry of judgment is granted.
>
> \* \* \*
>
> *The Court:* Not I might say, the Court has not

ignored considering possible equitable jurisdiction, but I don't believe any good cause has been shown. If there had been some showing of death or serious illness, or disability then perhaps the Court could invoke equitable jurisdiction to—in a case like this; but that has not been shown here.

In a similar vein, the issue was again addressed at a March 24, 1986, hearing on defendants' motion for a new trial or to set aside the judgment. At that time, the parties presented the same arguments as at the February 5 hearing. The court ruled that, since defendants' failure to reject was established, the mediation award was final:

I think the rules are clear. Mr. Smith may be right that mediation was not intended to preclude parties from going to trial; but, on the other hand, the rules do provide for acceptance or rejection. And, I do not feel that this Court has the authority to make its own rules. I think the matter is clear. No rejection was submitted and accordingly the motion for new trial is denied.

A fair reading of these statements indicates to us the court's apparent confusion with respect to its discretionary powers to set aside defendants' acceptance. It would appear as though the trial judge applied a more stringent standard than that required and equated "good cause" with circumstances such as death, serious illness or disability. Under the facts of this case it is apparent that the court believed that denial of the motion to set aside the judgment was required. This belief was incorrect. *Liberty v Michigan Bell,* 152 Mich App 780; 394 NW2d 105 (1986); *Hauser, supra* at 104. In actuality, the trial judge had discretion to set aside the acceptance if he believed that defendants' rejection had been lost in the mail. See

*Muntean, supra,* and *Liberty, supra; Busch, supra; Mills v Franco Food Equip, Inc,* 161 Mich App 376; 409 NW2d 829 (1987).

We are mindful of the difficulty in harmonizing the language found in MCR 2.403(L)(1) and MCR 2.403(M)(1), which speak in definite terms, and the language of MCR 2.612(C)(1)(a), which includes relief for "excusable neglect." However, we find merit in the following quote:

> While many acts of neglect are not "excusable", some are, else that word would not appear in the rule.

*Muntean, supra* at 510, quoted in *Busch, supra* at 792. With this in mind, we remand this case for a rehearing on defendants' motion to set aside the mediation award.

Affirmed in part, reversed in part and remanded.