STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v
GALEN

CITIZENS INSURANCE COMPANY v STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY

Docket Nos. 144882, 144883. Submitted March 4, 1993, at Grand
Rapids. Decided April 6, 1993, at 9:35 A.M.

State Farm Mutual Automobile Insurance Company, as subrogee
of Dianne Taylor, brought a negligence action in the Kent
Circuit Court against Bruce C. Galen, seeking damages for
injuries sustained by Taylor in an automobile accident. Citizens
Insurance Company, Galen's insurer, then brought an action in
the same court, seeking a declaration that it had no duty to
defend or indemnify Galen because he had intentionally caused
Taylor's injuries. The court, Dennis B. Leiber, J., denied the
requested declaratory judgment, determining that Citizens had
to defend Galen in the State Farm action. A mediation panel in
the negligence action thereafter rendered an evaluation of
$9,000 in favor of State Farm, which State Farm accepted.
Citizens did not file a written acceptance or rejection within
twenty-eight days, thereby effectively rejecting the evaluation
under MCR 2.403(L)(1). Galen moved to set aside the rejection
of the evaluation, arguing that Citizens' inaction resulted from
its mistaken belief that it did not have to indemnify Galen for
any judgment entered against him. The court, despite State
Farms' expressed intention to no longer accept the evaluation
and to proceed to trial instead, granted Galen's motion and
entered a judgment for State Farm in the amount of the
evaluation. State Farm appealed.

The Court of Appeals *held*:

After the expiration of the twenty-eight-day period for the
acceptance or rejection of a mediation evaluation, a trial court
has discretion to set aside a party's rejection. That discretion is
abused where, as in this case, the opposing party no longer
wishes to accept the evaluation and wants to proceed to trial.

Reversed.

REFERENCES

Am Jur 2d, Alternate Dispute Resolution §§ 10, 39; Trial § 22.

See ALR Index under Alternate Dispute Resolution; Preliminary or
Pretrial Matters.

PRETRIAL PROCEDURE — MEDIATION.

> Where a party accepts a mediation evaluation and the opposing party effectively rejects it by not accepting or rejecting it within the period required by court rule, a court may set aside the rejection at its discretion; a court abuses its discretion in setting aside a rejection if the party that initially accepted the evaluation no longer wishes to accept it and instead chooses to proceed to trial (MCR 2.403[L]).

*Cholette, Perkins & Buchanan* (by *Robert E. Attmore*), for State Farm Mutual Automobile Insurance Company.

*Denenberg, Tuffley, Bocan, Jamieson, Black, Hopkins & Ewald, P.C.* (by *Michael P. McDonald*), for Bruce Galen.

*Bremer, Wade, Nelson, Mabbitt & Lohr* (by *Judith K. Simonson*), for Citizens Insurance Company.

Before: McDONALD, P.J., and REILLY and FITZGERALD, JJ.

PER CURIAM. State Farm Mutual Automobile Insurance Company, as subrogee of its insured, Dianne Taylor, appeals as of right the order of Kent Circuit Judge Dennis Leiber allowing Bruce Galen to amend his prior rejection of mediation to reflect that both parties accepted the mediation award of $9,000 in favor of State Farm. Because Galen, through his insurer, Citizens Insurance Company, had rejected the mediation evaluation, State Farm asserts that Galen was improperly allowed to amend his rejection after the prescribed twenty-eight-day period for acceptance had elapsed.

The facts of this case are undisputed. On February 5, 1988, Galen and Taylor were involved in an automobile accident. On August 1, 1989, Taylor

brought suit against Galen, alleging that Galen negligently struck her with the automobile he was driving.

On November 27, 1989, State Farm, as subrogee of Taylor, brought suit against Galen. On July 18, 1990, Citizens brought a declaratory judgment action against State Farm, Galen, and Taylor, seeking a declaration that it owed no duty to defend or indemnify Galen because he intentionally caused Taylor's injuries. Following a hearing on Galen's motion for summary disposition in the declaratory judgment action, the trial court granted Galen's motion, holding that Citizens had a duty to defend and indemnify him.

On March 26, 1991, the case was submitted to mediation. On April 29, 1991, the parties were notified that mediation resulted in a $9,000 award for State Farm and against Galen. The notice stated that State Farm accepted the mediation evaluation and that Galen rejected it.[1]

On April 29, 1991, Galen moved for sanctions and declaratory relief against Citizens, alleging that Citizens erroneously rejected the mediation award under the mistaken belief that it had no duty to indemnify him for any judgment entered against him.[2] On June 14, 1991, the trial court heard arguments on Galen's motion. Citizens conceded that it rejected the mediation award on the basis of its mistaken belief that it had no duty to indemnify Galen. Because Citizens had proceeded under a mistaken belief, counsel for Galen orally moved to allow Galen to retroactively accept the $9,000 mediation award that had been rejected by

[1] The mediation evaluation effectively was rejected after Citizens failed to file a written acceptance or rejection within twenty-eight days. MCR 2.403(L)(1).

[2] Galen asserted that he had instructed Citizens to accept the mediation evaluation.

Citizens. The trial court granted Galen's motion for retroactive acceptance of the mediation award, stating that Citizens did not appreciate the import of the court's earlier ruling and that acceptance of an award six weeks after the time for acceptance did not unduly prejudice State Farm's rights.

After denying State Farm's motion for rehearing, the trial court entered an order granting Galen's motion to amend the rejection of mediation, holding that the case was settled as a result of the mutual acceptance by the parties of the $9,000 mediation award. A final amended order was entered on September 26, 1991.

In an issue of first impression, we must decide whether a trial court has discretion, after expiration of the twenty-eight-day period for acceptance or rejection of an award provided in MCR 2.403(L)(1), to set aside a party's rejection of a mediation award and declare the award to be accepted by both parties over the objection of the opposing party who wished to withdraw its acceptance.

MCR 2.612(C)(1) permits a trial court to relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the grounds of mistake, inadvertence, surprise, or excusable neglect. This Court has previously determined that a trial court has discretion to set aside a party's acceptance of a mediation evaluation if failure to do so would result in substantial injustice. *Reno v Gale*, 165 Mich App 86, 92-93; 418 NW2d 434 (1987). In *Reno,* this Court stated:

> It is within the trial court's discretion to set aside a party's acceptance of a mediation evaluation prior to the entry of a judgment upon the award. *Hauser v Roma's of Michigan, Inc,* 156 Mich App 102, 104; 401 NW2d 630 (1986); *MGM Brakes Division of Indian Head, Inc v Uni-Bond,*

> *Inc*, 417 Mich 905; 330 NW2d 853 (1983); *Busch v
> Hoffmeyer*, 158 Mich App 786, 790-791; 405 NW2d
> 220 (1987). Although discretionary, a court should
> set aside a judgment on the acceptance only if
> failure to do so would result in substantial injus-
> tice. *Hauser, supra* at 104. In making a determina-
> tion, the court must "strike a balance between the
> goal of remedying injustice, on the one hand, and
> the desire to achieve finality in litigation, on the
> other hand." *Id.* at 104-105. [*Reno, supra* at 92-93.]

In *Reno*, the plaintiff accepted a mediation eval-
uation of $12,500. The defendants also accepted
the evaluation under MCR 2.403(L)(1) by virtue of
their failure to respond within twenty-eight days.[3]
The defendants sought to have the acceptance set
aside, claiming that a timely rejection had been
sent but never received by the court. This Court
reversed the trial court's decision and granted the
defendant's request for relief on the basis that a
lost letter would presumably constitute a mistake
or excusable neglect. *Id.* at 93-95.

In this case, the mediation evaluation was re-
jected by virtue of Citizens' failure to respond
within twenty-eight days. Both counsel for Galen
and Citizens confirmed at the hearing on the
motion that Citizens did not respond to the media-
tion evaluation on behalf of Galen because of its
mistaken belief that it did not have a duty to
defend or indemnify Galen. Under these circum-
stances, we conclude that the trial court had dis-
cretion to allow Galen to amend his earlier rejec-
tion to reflect acceptance of the award. Although
the court has the discretion to order entry of a
judgment on the award, it should do so only if the
opposing party reaffirms its continued acceptance

---

[3] Under the current version of MCR 2.403(L)(1), failure to respond
to a mediation evaluation within twenty-eight days constitutes a
rejection.

of the award. Because State Farm indicated that it no longer wished to accept the award and wanted to proceed to trial, the trial court abused its discretion in authorizing entry of the judgment against Galen.

Reversed.