RIETH v KEELER

Docket No. 199352. Submitted March 12, 1998, at Grand Rapids. Decided June 16, 1998, at 9:15 A.M.

Kenneth K. Rieth and others brought an action in the Kent Circuit Court against Herbert Keeler and others, alleging fraud. Mediation resulted in an award for the plaintiffs, which they and Keeler accepted. However, Keeler's acceptance was not filed with the mediation clerk within twenty-eight days of the evaluation, and, pursuant to MCR 2.403(L)(1), Keeler was deemed to have rejected the evaluation. Keeler filed a motion seeking to have his acceptance of the evaluation allowed as timely. The court, Dennis C. Kolenda, J., denied the motion. Keeler appealed by leave granted.

The Court of Appeals *held*:

The trial court failed to recognize that it has the discretion to allow an amendment of a rejection of a mediation evaluation where rejection is deemed from a party's failure to respond to the evaluation in the manner required by the court rule. The trial court's order denying Keeler's motion must be reversed, and the matter must be remanded for reconsideration of Keeler's motion. If the trial court, on remand, allows Keeler to amend the rejection of the evaluation to an acceptance of it, the plaintiffs must be provided an opportunity to reiterate their acceptance of the evaluation or to reject the evaluation.

Reversed and remanded.

PRETRIAL PROCEDURE — MEDIATION — AMENDMENT OF DEEMED REJECTIONS.

A trial court has discretion over whether to allow an amendment of a party's rejection of a mediation evaluation that was accepted by the other party where rejection is deemed from the failure to respond to evaluation in the manner required by court rule; if amendment is allowed, the other party must be provided an opportunity to reiterate its acceptance of the evaluation or to reject the evaluation (MCR 1.105, 2.403[L][1]).

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Rock A. Wood* and *Lawrence G. Campbell*), for the plaintiffs.

*Plaszczak & Bauhof, P.C.* (by *James F. Bauhof*), for the defendant.

Before: Markey, P.J., and Griffin and Whitbeck, JJ.

Per Curiam. Defendant Herbert Keeler appeals by leave from an order of the trial court denying his motion to allow his acceptance of the mediation evaluation as timely. We reverse and remand for further proceedings.

Plaintiffs filed suit alleging that defendant and others had fraudulently induced plaintiffs to enter into a transaction that included the merger of Old Leap Technologies, Inc., and Riviera Plastic Products Company. After mediation, the mediation panel awarded damages to plaintiffs and against defendants. Plaintiffs initially accepted the mediation evaluation with respect to defendant. While defendant apparently decided to accept the mediation evaluation, the acceptance was not sent to the mediation clerk, as envisioned under MCR 2.403(L)(1).[1] Plaintiffs' counsel informed defendant's counsel that plaintiffs would not stipulate an amendment of the notice of acceptance/rejection to reflect an acceptance of the award. Defendant then filed his motion with the trial court to allow defendant's acceptance of the mediation evaluation as timely. Defendant argued that the acceptance of the mediation had inadvertently not been mailed to the mediation clerk. The trial court denied defendant's motion.

On appeal, defendant seeks reversal on the grounds that the trial court failed to exercise its discretion

---

[1] Under MCR 2.403(L)(1), failure to file a written acceptance of the mediation evaluation within twenty-eight days after the service of the mediation panel's evaluation constitutes a rejection.

with respect to defendant's motion to allow defendant's acceptance of the mediation evaluation as timely. We review a claim alleging a failure to exercise discretion under the abuse of discretion standard. *People v Stafford*, 434 Mich 125, 134, n 4; 450 NW2d 559 (1990). In that case, the Michigan Supreme Court held that "failure to exercise discretion when called on to do so constitutes an abdication and hence an abuse of discretion." *Id.*

The trial court, in denying defendant's motion, relied upon *Busch v Hoffmeyer*, 429 Mich 874 (1987). The trial court reasoned as follows:

> It is true that under the rules, the Court can extend most deadlines. There are a few it can't extend, but it can extend most. The effect of that and the manner of which it is usually done is, frankly, forgiving the missing of a deadline. Few people ask us to extend them in advance. They always ask us after the fact to forgive the fact that one was missed. Same thing I think, just slightly different form.
>
> However, when it comes to forgiving the missing of a deadline, the cases involving defaults in general, and it appears to me those involving acceptance or rejection of mediation in particular, do seem to uniformly say that the mistake of the lawyer is not sufficient grounds. That's what I clearly read *Busch* to say.
>
> In terms of prejudice to the objecting party here, despite what I said to begin this argument, there are, indeed, a variety of stratagems which are being pursued when it comes to accepting and rejecting mediation. Sometimes it is done in the hopes that the other side will reject, so that by accepting, attorney's fees can be avoided, and negotiating postures change. So, the truth of the matter is, is that there is substantial potential here for something being done adversely, giving what these parties had planned on doing.
>
> Accordingly, in light of the case law most recently, the Supreme Court, which is the ultimate arbiter of all of these, the motion is denied.

In its brief summary discussion in *Busch*, the Michigan Supreme Court held that the trial court had not abused its discretion in denying the plaintiffs' motion for relief from the mediation order where the rejection letter had not been timely mailed.[2] *Id.* at 874-875; see *Busch v Hoffmeyer*, 158 Mich App 786, 789; 405 NW2d 220 (1987), rev'd 429 Mich 874 (1987). Here, although its language is more than a little opaque, the trial court apparently read *Busch* as containing a mandatory pronouncement that if there is an error or inadvertent mistake of counsel with regard to meeting a mediation deadline, then under no circumstances can relief be granted. We read *Busch*, however, as merely stating that, under the facts of that case, the trial court had not abused its discretion. The important distinction, we believe, is that *Busch* should not be read as laying down a mandatory rule of law; rather, *Busch*, properly understood, stands for the proposition that trial courts have discretion regarding whether to provide relief from inadvertently missing a mediation deadline. After carefully reviewing the record, we conclude that the lower court here operated under the assumption that it did not have such discretion. The trial court appears to have believed that under *Busch* it simply could not extend the deadline for filing a mediation acceptance.

This Court has previously held that a trial court has discretion to allow a party to amend the deemed rejection of a mediation evaluation based on the party's failure to respond within the required twenty-eight-day period to reflect the party's acceptance of

---

[2] The *Busch* case was decided under the old version of MCR 2.403(L)(1), wherein failure to contact the mediation clerk within the twenty-eight days was deemed an acceptance of the award.

the mediation evaluation. *State Farm Mut Automobile Ins Co v Galen,* 199 Mich App 274, 278-279; 500 NW2d 769 (1993). However, in such an event, the trial court should enter judgment on the mediation evaluation only "if the opposing party reaffirms its continued acceptance of the award." *Id.* at 278-279. Thus, if on remand the trial court eventually decides to allow defendant to amend his deemed rejection of the mediation evaluation to an acceptance of that evaluation, plaintiffs must thereafter be provided an opportunity to either reiterate their acceptance of the mediation evaluation or to reject the mediation evaluation.

Moreover, our conclusion is strengthened by the provisions of MCR 1.105. Although not cited by the parties, this rule provides:

> These rules are to be construed to secure the just, speedy, and economical determination of every action and to avoid the consequences of error that does not affect the substantial rights of the parties.

We believe that the mediation rules are to be construed consistently with MCR 1.105. Here, the error of not timely filing the acceptance with the mediation clerk does not appear to have affected the substantial rights of a party. However, in exercising its discretion on remand, the trial court may consider whether this error had an effect on plaintiffs' substantial rights. Accordingly, we find that the trial court failed to exercise discretion when called on to do so and hence abused its discretion. *Stafford, supra.*

We therefore reverse and remand to the trial court for reconsideration of defendant's motion and further proceedings consistent with this opinion. We instruct the trial court to exercise its discretion in considering

that motion and to construe the mediation rules consistently with MCR 1.105. We do not retain jurisdiction. Defendant, being the prevailing party, may tax costs under MCR 7.219.