*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WEJDAN DECKHOU,

        Plaintiff-Appellant,

v

SPOT REALTY, INC., doing business as
ADVANCE EQUITIES LTD,

        Defendant-Appellee.

UNPUBLISHED
December 18, 2024
10:15 AM

No. 365793
Oakland Circuit Court
LC No. 2022-192353-CH

Before: O'BRIEN, P.J., and MURRAY and PATEL, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order denying plaintiff's motion to set aside the case evaluation award and granting defendant's motion for mandatory dismissal of plaintiff's complaint under MCR 2.403(N)(3)(c) on the basis of plaintiff's failure to post a bond under MCR 2.403(N)(1). We affirm.

## I. BACKGROUND

This case arises from plaintiff's eviction from a residential property that defendant bought in a foreclosure sale. At the time of the foreclosure sale, the property was owned by plaintiff's brothers, Salam Dekhou and Nidhal Deckhou, and her sister-in-law, Nafa Deckhou. During the redemption period, Salam leased the property to plaintiff. After the redemption period expired,[1] defendant initiated summary proceedings to evict plaintiff from the property. Defendant obtained a judgment of possession and an order of eviction, which was affirmed by the circuit court on appeal. Thereafter, defendant initiated the execution of the eviction order. A court officer removed plaintiff's belongings and changed the locks on the property.

---

[1] This Court affirmed the trial court's dismissal of Salam's action for relief from the foreclosure sale. *Dekhou v Spot Realty, Inc*, unpublished per curiam opinion of the Court of Appeals, issued October 19, 2023 (Docket No. 361125).

Plaintiff commenced this action against defendant alleging a violation of the anti-lockout statute, MCL 600.2981; statutory and common-law conversion; and, trespass to land and chattel. On November 16, 2022, the parties participated in case evaluation. The case evaluation panel awarded plaintiff $0.00 and unanimously determined that her tort claims were frivolous. Plaintiff did not file a written response to the case evaluation award, which operated as a rejection. On December 16, 2022, the ADR clerk sent the parties notice of the rejection of the case evaluation award. Plaintiff did not move for judicial review of the panel's frivolous determination or post a bond as required by MCR 2.403(N)(3). On January 18, 2023, defendant moved to dismiss plaintiff's claims under MCR 2.403(N)(3)(c) because she failed to post a bond. Later that same day, plaintiff moved to set aside the case evaluation award under MCR 2.612(C) alleging that several irregularities occurred during the case evaluation hearing, which deprived plaintiff of the ability to present her case. The trial court denied plaintiff's motion to set aside the case evaluation award, and granted defendant's motion to dismiss plaintiff's claims.

## II. ANALYSIS

## A. RIGHT TO EVICT

Plaintiff argues that defendant improperly evicted her from the property because defendant did not have a valid eviction order and thus her claims were not frivolous. We decline to address this issue on appeal because it was not the basis of the trial court's decision.

Plaintiff spends a significant amount of time on appeal discussing whether defendant could legally evict her from the property. Plaintiff concedes that this is not a direct appeal of the eviction, but argues that "this appeal concerns the damages that flowed from the illegal eviction and whether or not [plaintiff's] claims stemming from the wrongful eviction were frivolous and/or should have been dismissed by the trial court." However, because plaintiff failed to timely move for judicial review of the case evaluation panel's frivolous finding under MCR 2.403(N)(2), the trial court did not address whether plaintiff's claims had merit. Instead, the trial court dismissed plaintiff's claims under MCR 2.403(N)(3)(c) because plaintiff failed to post the required bond.

"In civil cases, Michigan follows the 'raise or waive' rule of appellate review." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359090); slip op at 2 (cleaned up). Accordingly, "'[f]or an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court.'" *Mouzon v Achievable Visions*, 308 Mich App 415, 419; 864 NW2d 606 (2014) (cleaned up). Although plaintiff raised this issue in her motion for summary disposition under MCR 2.116(C)(9) and (10) and in her response in opposition to defendant's motion for summary disposition under MCR 2.116(C)(7), (8), and (10), these motions were never addressed or decided by the trial court. Moreover, plaintiff could have raised this issue by filing a timely motion under MCR 2.403(N)(2)

for judicial review of the case evaluation panel's frivolous finding, but she did not. Thus, this argument is unpreserved for appellate review and we decline to review it.[2]

## B. MOTION TO SET ASIDE CASE EVALUATION AND MOTION FOR DISMISSAL

Plaintiff further argues that the trial court abused its discretion by denying plaintiff's motion to set aside the case evaluation award under MCR 2.612(C), and erred by granting defendant's motion for mandatory dismissal under MCR 2.403(N)(3)(c). We disagree.

We review for an abuse of discretion a trial court's decision on a motion for relief from judgment. *Dep't of Environmental Quality v Waterous Co*, 279 Mich App 346, 364; 760 NW2d 856 (2008). "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007). A trial court's findings of fact are reviewed for clear error. *Shivers v Covenant Healthcare Sys*, 339 Mich App 369, 373-374; 983 NW2d 427 (2021). Under the clear error standard, we defer to the trial court's findings unless we are "left with the definite and firm conviction that a mistake was made." *Id*. at 374.

We review interpretation of court rules de novo and under the same principles that govern the construction of statutes." *Dawley v Hall*, 501 Mich 166, 169; 905 NW2d 863 (2018) (cleaned up). "[T]he court rule is to be interpreted according to its plain language, giving each word and phrase its common, ordinary meaning." *Id*. (cleaned up). "[W]hen the language of the rule is unambiguous, it must be enforced as written." *Micheli v Mich Auto Ins Placement Facility*, 340 Mich App 360, 367; 986 NW2d 451 (2022) (cleaned up).

MCR 2.403(K)(4) authorizes a case evaluation panel to make a determination that a claim or defense is frivolous in a civil action alleging medical malpractice or based in tort:

---

[2] "[T]his Court may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Tolas Oil & Gas Exploration*, ___ Mich App at ___; slip op at 3. Our Supreme Court has cautioned that this discretion should be exercised sparingly and only in exceptional circumstances. *Napier v Jacobs*, 429 Mich 222, 233-234, 414 NW2d 862 (1987). The facts in this case do not warrant the exercise of our discretion here.

(4) In a tort case to which MCL 600.4915(2)[3] or MCL 600.4963(2)[4] applies, if the panel unanimously finds that a party's action or defense as to any other party is frivolous, the panel shall so indicate on the evaluation. For the purpose of this rule, an action or defense is "frivolous" if, as to all of a plaintiff's claims or all of a defendant's defenses to liability, at least 1 of the following conditions is met:

      (a) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the opposing party.

      (b) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

      (c) The party's legal position was devoid of arguable legal merit.

If a case evaluation panel determines that a party's claim or defense is frivolous, MCR 2.403(N)(2) authorizes that party to seek judicial review of the panel's finding:

(2) If a party's claim or defense was found to be frivolous under subrule (K)(4), that party may request that the court review the panels' finding by filing a motion within 14 days after the ADR clerk sends notice of the rejection of the case evaluation award.

---

[3] MCL 600.4915 sets forth procedures to be followed in case evaluation of a medical malpractice action. Specifically, MCL 600.4915(2) states:

If the panel unanimously determines that a complete action or defense is frivolous as to any party, the panel shall so state as to that party. If the action proceeds to trial, the party who has been determined to have a frivolous action or defense shall post a cash or surety bond, approved by the court, in the amount of $5,000.00 for each party against whom the action or defense was determined to be frivolous. If judgment is entered against the party who posted the bond, the bond shall be used to pay all reasonable costs incurred by the other parties and any costs allowed by law or by court rule, including court costs and reasonable attorney fees.

[4] MCL 600.4963 sets forth procedures to be followed in case evaluation of a tort action. MCL 600.4963(2) is identical to MCL 600.4915(2):

If the panel unanimously determines that a complete action or defense is frivolous as to any party, the panel shall so state as to that party. If the action proceeds to trial, the party who has been determined to have a frivolous action or defense shall post a cash or surety bond, approved by the court, in the amount of $5,000.00 for each party against whom the action or defense was determined to be frivolous. If judgment is entered against the party who posted the bond, the bond shall be used to pay all reasonable costs incurred by the other parties and any costs allowed by law or by court rule, including court costs and reasonable attorney fees.

(a) The motion shall be submitted to the court on the case evaluation summaries and documents that were considered by the case evaluation panel. No other exhibits or testimony may be submitted. However, oral argument on the motion shall be permitted.

(b) After reviewing the materials submitted, the court shall determine whether the action or defense is frivolous.

(c) If the court agrees with the panel's determination, the provisions of subrule (N)(3) apply, except that the bond must be filed within 28 days after the entry of the court's order determining the action or defense to be frivolous.

(d) The judge who hears a motion under this subrule may not preside at a nonjury trial of the action.

MCR 2.403(N)(3) mirrors the statutory language in MCL 600.4915(2) and MCL 600.4963(2) requiring a party to post a cash or surety bond if that party's claim or defense was found to be frivolous under MCR 2.430(K)(4):

(3) Except as provided in subrule (2), if a party's claim or defense was found to be frivolous under subrule (K)(4), that party shall post a cash or surety bond, pursuant to MCR 3.604, in the amount of $5,000 for each party against whom the action or defense was determined to be frivolous.

(a) The bond must be posted within 56 days after the case evaluation hearing or at least 14 days before trial, whichever is earlier.

* * *

(c) If the bond is not posted as required by this rule, the court shall dismiss a claim found to have been frivolous . . . .

In this case, it is undisputed that plaintiff did not file a motion for judicial review of the panel's frivolous finding within 14 days after the ADR clerk sent notice of the rejection of the case evaluation award. See MCR 2.403(N)(2). It is further undisputed that plaintiff did not post a $5,000 bond within 56 days after the case evaluation hearing. See MCR 2.403(N)(3)(a).

First, plaintiff maintains that whether a claim is frivolous is a fact-based inquiry that must be made by the trial court. Plaintiff cites MCL 600.2591(3)(a), which allows a trial court, upon motion of any party, to award attorney fees and costs to a prevailing party in an action the court deems "frivolous." Indeed, MCL 600.2591(3)(a)'s definition of "frivolous" mirrors the one stated in MCR 2.403(K)(4). But plaintiff's reliance on MCL 600.2591(3)(a) is misplaced. Defendant did not move for attorney's fees and costs under the statute. Rather, it moved for mandatory dismissal of plaintiff's case under MCR 2.403(N)(3)(c) because the action was deemed frivolous by the case evaluation panel and she failed to post a bond as required by MCR 2.403(N)(3)(a). The case evaluation panel was clearly authorized to make the frivolous determination under MCR 2.403(K)(4).

Plaintiff further asserts that her action is not frivolous, and she devotes much of her argument to discussing the merits of each of her claims. However, plaintiff did not seek timely judicial review of the panel's frivolous determination under MCR 2.403(N)(2) and thus the trial court did not address or decide whether plaintiff's action was frivolous. Although plaintiff discussed the merits of her claims in her motion for summary disposition under MCR 2.116(C)(9) and (10) and in her response in opposition to defendant's motion for summary disposition under MCR 2.116(C)(7), (8), and (10), these motions were never addressed or decided by the trial court. Accordingly, these issues are unpreserved for appellate review and we decline to consider them. See *Tolas Oil & Gas Exploration*, ___ Mich App at ___; slip op at 3; *Mouzon*, 308 Mich App at 419.

Plaintiff contends that there was a "technical glitch" that prevented the case evaluators from receiving a copy of plaintiff's case evaluation summary before the hearing,[5] which she claims prejudiced her because the panel did not understand her claims. Plaintiff disputes defendant's version of events presented to the trial court and asserts that the trial court erred by failing to conduct an evidentiary hearing regarding the events that transpired at the case evaluation hearing. Plaintiff fails to cite any authority that requires a trial court to conduct an evidentiary hearing for a motion for prejudgment relief under MCR 2.612(C). Further, it was within the court's discretion to dispense with oral argument on the motion. See MCR 2.119(E)(3).

Plaintiff argues the trial court abused its discretion by failing to grant plaintiff prejudgment relief under MCR 2.612(C) and set aside the case evaluation award. Plaintiff relies on a line of cases that held a trial court has the authority to set aside a party's acceptance or rejection of a case evaluation award. See *Goch Properties, LLC v C Van Boxell Transp, Inc*, 477 Mich 871, 871 (2006) (concluding the trial court erred by holding that it did not have discretion to consider plaintiff's motion to set aside its acceptance of the case evaluation award); *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 403; 651 NW2d 756 (2002) (concluding that no injustice would result from not setting aside a judgment entered on the acceptance of the mediation awards); *State Farm Mut Auto Ins Co v Galen*, 199 Mich App 274, 277-278; 500 NW2d 769 (1993) (concluding that the trial court had discretion to allow a party to amend his rejection of case evaluation award to reflect acceptance of the award).[6] But plaintiff has not identified anything in the court rules, common law, or statutes that expressly allows a trial court to vacate a case evaluation award in its entirety.

Plaintiff relies on MCR 2.612(C), in general, to argue that the case evaluation award should be set aside. As the trial court recognized,

---

[5] It was discovered during the hearing that plaintiff's summary was delivered to defense counsel's SPAM folder. It is unknown why the panel did not receive plaintiff's summary.

[6] Plaintiff also relies on dicta within an unpublished decision of this Court. See *123.net, Inc v Serra*, unpublished per curiam opinion of the Court of Appeals, issued December 2, 2021 (Docket No. 353075). Unpublished opinions are not binding. MCR 7.215(C)(1). Further, we do not find this case persuasive.

Plaintiff's motion does not purport that there was new evidence, fraud, misrepresentation, or misconduct such that subsections (b) or (c) would apply. There is no judgment. Thus, subsections (d), (e), and (f) do not appear to apply. Further, there does not appear to be extraordinary circumstances or improper conduct of the opposing party such that subsection (f) would otherwise be applicable. Therefore, the only provision that appears to applicable here is MCR 2.612(C)(1)(a).

While MCR 2.612(C)(l)(a) permits the court to set aside a judgment, order or proceeding on the grounds of "mistake, inadvertence, surprise, or excusable neglect," none of those conditions exist here.

The trial court found that there was no evidence that plaintiff's presentation of her claims to the case evaluation panel were compromised. The court further concluded that plaintiff's failure to seek timely judicial review of the panel's frivolous finding under MCR 2.403(N)(2) or to post a bond as required by MCR 2.403(N)(3) were not the result of a "mistake, inadvertence, surprise or excusable neglect." Although plaintiff's counsel claimed he was unable to file a motion sooner because of an overseas trip, the trial court noted that counsel was in town when the notification of the case evaluation rejection was sent to the parties and had filed other pleadings while he was overseas. Because we are not "left with the definite and firm conviction that a mistake was made[,]" we defer to the trial court's factual findings. *Shivers*, 339 Mich App at 374.

The clear and unambiguous language in MCR 2.403(N)(2) states that plaintiff had 14 days after the ADR clerk sent the notice of rejection to the parties to file a motion for judicial review of the panel's frivolous finding, but she did not do so. Allowing plaintiff to bypass this provision in favor of filing a motion under MCR 2.612(C) to have the case evaluation award set aside "would be directly contrary to the language of the rule." *Cam Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549, 555; 640 NW2d 256 (2002). The trial court's decision to deny plaintiffs motion to set aside the case evaluation award under MCR 2.612(C) was within the range of reasonable and principled outcomes. "MCR 2.612(C)(1)(a) was not designed to relieve counsel of ill-advised or careless decisions." *Limbach v Oakland Co Bd of Comm'rs*, 226 Mich App 389, 393; 573 NW2d 336 (1997) (cleaned up).

Plaintiff further argues that the trial court erred by granting defendant's motion for mandatory dismissal under MCR 2.403(N)(3)(c). Plaintiff contends that the provisions of MCR 2.403(N) did not apply to her case because (1) this is a civil case, not a tort action within the meaning of MCL 600.4963(2), and (2) the case evaluators did not consider her summary. We disagree. First, we note that plaintiff admitted in her response to defendant's motion for mandatory dismissal that her action was a tort action and that "MCL 600.4963 applies to Plaintiff's claims[.]" But plaintiff maintained that MCL 600.4963 only applied if the case proceeds to trial. After the trial court rejected plaintiff's arguments, she moved for reconsideration. For the first time on reconsideration, plaintiff claimed this is a civil case, not a tort case, and thus MCR 2.403(N) did not apply. Plaintiff explained she originally believed this was a tort case, but realized "after further research" she was mistaken.

Plaintiff's verified complaint included claims for (1) violation of the anti-lockout statute, MCL 600.2918; (2) statutory conversion, MCL 600.2919a; (3) common-law conversion; (4)

trespass to land; and, (5) trespass to chattel. Plaintiff does not dispute that all of her conversion and trespass claims are tort claims. But she asserts that her claim for violation of the anti-lockout statute is not a tort claim. *Black's Law Dictionary* (12th ed), defines "tort" as "[a] civil wrong, other than breach of contract, for which a remedy may be obtained, [usually] in the form of damages; a breach of a duty that the law imposes on persons who stand in a particular relation to one another[.]" Plaintiff's anti-lockout statutory claim alleges that defendant changed the locks on the property, interfered with plaintiff's possessory interest, and deprived her of her personal property. She requested damages in excess of $25,000, plus treble damages, interest, costs, and attorney fees. In *Elia Cos, LLC v Univ of Michigan Regents*, 335 Mich App 439, 451; 966 NW2d 755 (2021), vacated on other grounds 511 Mich 66; 993 NW2d 392 (2023), this Court concluded that a claim under the anti-lockout statute, MCL 600.2918, sounded in tort. *Id*. at 450-452. It is clear from plaintiff's complaint that she seeks damages for defendant's alleged tortious conduct for ejecting her from the subject property "in a forcible and unlawful manner[.]" We conclude plaintiff's case is a "tort case" for purposes of MCR 2.403(K)(4) and thus MCR 2.403(N) applied.

The clear and unambiguous language in MCR 2.403(N)(3)(a) states that plaintiff had 56 days after the case evaluation hearing to post a $5,000 bond because her claim was found to be frivolous under MCR 2.403(K)(4). The language of MCR 2.403(N)(3)(c) is also clear and unambiguous that, "[i]f the bond is not posted as required by this rule, the court *shall* dismiss a claim found to have been frivolous." The word "shall" used in a court rule indicates a mandatory provision. *Lamkin v Engram*, 295 Mich App 701, 709; 815 NW2d 793 (2012). Once the panel found the claim frivolous and plaintiff did not seek judicial review of the panel's frivolous determination under MCR 2.403(N)(2), she was required to post bond under MCR 2.403(N)(3). Because plaintiff did not post the required bond, the trial court did not err by dismissing plaintiff's complaint under MCR 2.403(N)(3)(c).

C. MOTION FOR RECONSIDERATION

Finally, plaintiff asserts that the trial court abused its discretion by denying her motion for reconsideration. We disagree.

We review a trial court's decision on a motion for reconsideration for an abuse of discretion. *Sanders v Perfecting Church*, 303 Mich App 1, 8; 840 NW2d 401 (2013).

As discussed above, the trial court did not abuse its discretion by denying plaintiff's motion to set aside the case evaluation award and did not err by granting defendant's motion for mandatory dismissal. Accordingly, the trial court did not abuse its discretion by denying plaintiff's motion for reconsideration.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Christopher M. Murray
/s/ Sima G. Patel