*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHAROL THORNSBERRY,

        Plaintiff-Appellant,

v

DETROIT TIGERS, INC.,

        Defendant-Appellee,

and

OLYMPIA ENTERTAINMENT, INC., and
ILITCH HOLDINGS, INC.,

        Defendants.

UNPUBLISHED
April 16, 2019

No. 342322
Wayne Circuit Court
LC No. 17-007647-NO

Before: LETICA, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

Plaintiff, Sharol Thornsberry, appeals as of right the trial court's order granting summary disposition in favor of defendant Detroit Tigers, Inc. with respect to her premises liability claim arising from injuries she sustained at Comerica Park.[1] We affirm.

---

[1] Plaintiff also brought a negligence claim against Detroit Tigers, Inc., Olympia Entertainment, Inc., and Ilitch Holdings, Inc. The negligence claim was dismissed as to all three entities, along with plaintiff's premises liability claim against Olympia Entertainment and Ilitch Holdings. These dismissals are not challenged on appeal, and only plaintiff's premises liability claim against Detroit Tigers, Inc., is before this Court. As such, our use of the term defendant refers only to Detroit Tigers, Inc.

## I. BACKGROUND

Plaintiff attended a baseball game at Comerica Park on September 21, 2015. She made it to her seat without incident, but left during the fourth or fifth inning to use the bathroom. She decided to return by way of the stairs between sections 133 and 134 because there were no patrons seated between those stairs and her seat in section 134. As she was descending the first step, her left foot hit something and she fell. Plaintiff recalled seeing a black, rubber strip running down the stairs. The rubber strip was connected to the concrete steps with gray molding that created a small "lip" slightly raised above the otherwise flat surface of the step. She did not notice the molding before she tripped on it. Although the rubber strip was clearly visible, plaintiff testified that she could not see the elevated molding because it was the same color as the surrounding concrete.

Defendant moved for summary disposition under MCR 2.116(C)(10) before the discovery period was completed, arguing that plaintiff's action should be dismissed because the condition of the stairs was open and obvious and did not involve special aspects. Shortly thereafter, plaintiff served discovery requests to defendant seeking the identity of the "Manufacturer of the Material Strip/Joints" on which plaintiff tripped, the architect and engineer who designed the stairway, and the general contractor who oversaw construction of Comerica Park. Plaintiff also requested "all documents, contracts, purchase orders, [and] design blueprints associated with the stairway/aisle," and a list of "all materials and equipment used for installation and construction of the stairway/aisle" in which she fell. Defendant did not answer the written discovery requests, prompting plaintiff to file a motion to compel and a motion to extend the discovery period. In her response to defendant's dispositive motion, plaintiff also alleged that summary disposition was premature in light of the outstanding discovery. Without addressing plaintiff's discovery arguments, the trial court granted summary disposition in defendant's favor.

## II. STANDARD OF REVIEW

We review a trial court's grant of summary disposition de novo. *Planet Bingo, LLC v VKGS, LLC*, 319 Mich App 308, 319; 900 NW2d 680 (2017). Summary disposition may be granted under MCR 2.116(C)(10) only "if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Dancey v Travelers Prop Cas Co of America*, 288 Mich App 1, 7; 792 NW2d 372 (2010) (quotation marks and citation omitted). In determining whether a genuine issue of material fact exists, the trial court considers "the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . ." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Dancey*, 288 Mich App at 8 (quotation marks and citation omitted). When the nonmoving party has the ultimate burden of proof at trial, the moving party can satisfy its burden of production under MCR 2.116(C)(10) by " 'submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim,' *or* by 'demonstrat[ing] to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.' " *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016), quoting *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996) (alterations in original). "If the opposing

party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted." *Quinto*, 451 Mich at 363.

We review a trial court's ruling on a discovery motion for abuse of discretion. *Planet Bingo, LLC*, 319 Mich App at 320. "A trial court abuses its discretion when it chooses an outcome falling outside the range of reasonable and principled outcomes, or when it makes an error of law." *Id*. (quotation marks and citation omitted). Failure to exercise discretion when called upon to do so also constitutes an abuse of discretion. *Rieth v Keeler*, 230 Mich App 346, 348; 583 NW2d 552 (1998).

III. ANALYSIS

Plaintiff argues that we should reverse the trial court's order granting defendant's motion for summary disposition because liability was not precluded under the open and obvious doctrine, summary disposition was premature, and the trial court judge improperly relied upon his personal experience to rule in defendant's favor. We disagree.

A landowner has a duty to exercise reasonable care in protecting invitees[2] from "unreasonable risks of harm posed by dangerous conditions on the owner's land." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). A breach of this duty occurs when the landowner "knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Id*. Because the owner's duty of care does not generally extend to conditions that are so obvious that an invitee should reasonably be expected to discover and avoid them, the open and obvious doctrine may be asserted as a defense to negate the duty element of a premises liability claim. *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001); *Riddle v McLouth Steel Prod Corp*, 440 Mich 85, 95-96; 485 NW2d 676 (1992). "With regard to adult invitees, whether a danger is open and obvious is judged from an objective standard, considering whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Goodwin v Northwest Mich Fair Ass'n*, 325 Mich App 129, 158; ___ NW2d ___ (2018) (quotation marks and citation omitted).

In this case, a black rubber strip was affixed to the concrete stairs with molding. Although the molding appears to be a slightly lighter shade of gray than the adjoining concrete in the photographs presented to the trial court, plaintiff testified that the photographs were deceiving and that the molding and concrete looked like the same shade when she fell.[3] Plaintiff

---

[2] Comerica Park is held open to the public for a commercial purpose and plaintiff was present as a ticket-holding patron. She was therefore afforded the status of an invitee for purposes of establishing defendant's duty of care. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 604; 614 NW2d 88 (2000).

[3] We note that the photographs submitted to the trial court were not taken on the same day that plaintiff fell, and the concrete appears somewhat damp in the photographs. This may account for plaintiff's disagreement regarding the comparable shade of the molding and concrete. In any

also testified that the molding was slightly raised above the flat surface of the stairs, resulting in a small "lip" between the surface of the steps and the rubber strip.

Based upon this evidence, there was no genuine issue of material fact as to whether the condition of which plaintiff complained was open and obvious. "[B]ecause steps are the type of everyday occurrence that people encounter, under most circumstances, a reasonably prudent person will look where he is going, will observe the steps, and will take appropriate care for his own safety." *Bertrand v Alan Ford, Inc*, 449 Mich 606, 616; 537 NW2d 185 (1995). Thus, the danger posed by steps will not ordinarily form a basis for premises liability, unless their condition involves a unique character, location, or surrounding circumstances. *Id*. at 616-617. Uneven walking surfaces are generally treated in the same manner. See *Weakley v Dearborn Hts*, 240 Mich App 382, 385; 612 NW2d 428 (2000). The only remarkable aspect of the stairs on which plaintiff fell was the presence of the rubber strip running down them. Even accepting plaintiff's contention that the molding securing the strip appeared to be the same color as the concrete steps, an average person of ordinary intelligence would have spotted the black rubber strip upon casual inspection. Indeed, plaintiff herself acknowledged that it was clearly visible. Having seen the rubber strip on the concrete stairs, an average person of ordinary intelligence would recognize that the surface of steps constructed of more than one material might not be perfectly level. Accordingly, the condition was open and obvious. *Goodwin*, 325 Mich App at 158.

Plaintiff alternatively argues that even if the condition was open and obvious, there were special aspects that made the condition unreasonably dangerous. In *Lugo*, 464 Mich at 517, the Supreme Court explained that a landowner's duty of care remains if special aspects make an open and obvious condition unreasonably dangerous. "It bears repeating that exceptions to the open and obvious doctrine are *narrow* and designed to permit liability for such dangers only in *limited*, extreme situations." *Hoffner*, 492 Mich at 472. Special aspects have been found where the dangerous condition was effectively unavoidable, *Attala v Orcutt*, 306 Mich App 502, 505; 857 NW2d 275 (2014), or when the condition presented an extremely high risk of death or severe injury, *Jimkoski v Shupe*, 282 Mich App 1, 6; 763 NW2d 1 (2008). Plaintiff contends that the stairs were unreasonably dangerous because of the monotone color of the concrete and molding coupled with the absence of handrails. We disagree.

There can be little doubt that the condition that caused plaintiff to fall was avoidable. Plaintiff was free to use the stairs on the other side of the section she was sitting in. Further, the stairs were of sufficient width that plaintiff could have easily descended them without ever stepping on the molding. Thus, plaintiff could only avoid summary disposition if the condition was unreasonably dangerous because it presented an extremely high risk of death or severe injury. In *Jimkoski*, *id*. at 3, the plaintiff was struck by a 700-pound bale of straw that was hanging far above the ground in a precarious position. This Court affirmed the denial of summary disposition because, "[g]iven the inevitability of the bale's collapse, its height, and its

---

event, the evidence must be viewed in the light most favorable to the nonmoving party for purposes of summary disposition. *Dancey*, 288 Mich App at 7-8.

weight, the fact-finder could reasonably have concluded that it constituted a special aspect because of the 'severity of harm' it could foreseeably cause if not avoided." *Id.* at 6. In *Woodbury v Bruckner (On Remand)*, 248 Mich App 684, 686; 650 NW2d 343 (2001), a landlord's tenant fell from an unrailed rooftop porch situated over nine feet from the ground. This Court similarly held that special aspects differentiated the risk from typical open and obvious conditions because falling from an extended distance would be expected to result in "an especially high severity of harm." *Id.* at 694.

The steps involved in this case do not present the extreme type of situation that distinguishes the potential risk from usual open and obvious dangers. The photographs show that the stadium stairs were of relatively normal height, but were uncommonly deep and wide. Plaintiff agreed that you had to take more than one step on each stair to reach the next one and that the stairs were wide enough for two or three people to traverse them at the same time. Thus, if a patron fell on the stairs, it is improbable that he or she would fall far. This conclusion is aptly illustrated by the fact that plaintiff herself fell only one step when she tripped. Without discounting the injuries any fall on concrete stairs might cause, the potential harm from such a fall is a far cry from the severity of the probable injuries that would result from a nine-foot fall like the one at issue in *Woodbury* or the crushing impact of the 700-pound bale of straw involved in *Jimkoski*. Therefore, the condition of the stadium stairs does not fall within the narrow and limited exceptions to the open and obvious doctrine.

As she did before the trial court, plaintiff makes much of her contention that the absence of a handrail on the stairway violated applicable building codes. Assuming, without deciding, that plaintiff is correct in this regard, that fact would not change the outcome of this case. As the Supreme Court explained in *Lugo*, 464 Mich at 517-518,

> [W]ith regard to open and obvious dangers, the critical question is whether there is evidence that creates a genuine issue of material fact regarding whether there are truly "special aspects" of the open and obvious condition that differentiate the risk from typical open and obvious risks so as to create an unreasonable risk of harm, i.e., whether the "special aspect" of the condition should prevail in imposing liability upon the defendant or the openness and obviousness of the condition should prevail in barring liability.

See also *Millikin v Walton Manor Mobile Home Park, Inc*, 234 Mich App 490, 495; 595 NW2d 152 (1999) (finding that open and obvious doctrine is not limited to failure to warn cases and may be applied to premises liability claims asserting negligent maintenance or defective physical structures). Thus, the mere fact that an allegedly dangerous condition may violate a controlling code or ordinance is not dispositive of defendant's open and obvious defense. Regardless of whether handrails were legally required or simply advisable or prudent, the proper analysis must focus on the condition of the stairs as they existed at the time plaintiff fell, i.e., without handrails. And for the reasons already noted, the potentially dangerous condition of the stairs was open and obvious and did not involve special aspects that rendered them unreasonably dangerous. Therefore, the trial court did not err by granting defendant's motion for summary disposition.

Nor can we conclude that summary disposition was premature. "Generally, a motion for summary disposition is premature if granted before discovery on a disputed issue is complete."

*Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 24-25; 672 NW2d 351 (2003). However, when "further discovery does not stand a reasonable chance of uncovering factual support for the opposing party's position," the mere fact that the discovery period has yet to close does not bar summary disposition. *Id*. at 25. To avoid summary disposition on the basis of incomplete discovery, the party opposing the motion must identify a disputed issue and offer independent evidence in support of that issue. *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292; 769 NW2d 234 (2009). Under MCR 2.116(H)(1), the party opposing summary disposition may present an affidavit to establish the facts that will likely be procured through additional discovery.

In arguing that the trial court's grant of summary disposition was premature, plaintiff emphasizes the fact that defendant had yet to respond to discovery requests seeking information about the materials used in constructing the stairs and the individuals involved in that process. Plaintiff argues that the requested discovery was crucial to her case because it could establish special aspects that would defeat defendant's open and obvious defense. But the viability of plaintiff's premises liability claim and the merit of defendant's motion turned upon an objective analysis of the danger presented by the condition of the stairs at the time plaintiff fell. See *Lugo*, 464 Mich at 517-518 (describing critical inquiry as "whether the 'special aspect' of the condition should prevail in imposing liability upon the defendant or the openness and obviousness of the condition should prevail in barring liability"); *Goodwin*, 325 Mich App at 158 (stating that open and obvious nature of condition is judged from an objective standard). The identity of the individuals involved in constructing the stairs and the materials used in that process simply have no bearing on the objective obviousness of the purportedly dangerous condition or the reasonableness of the danger it presented. Summary disposition was not premature because further discovery did not stand a reasonable chance of uncovering factual support for plaintiff's claim. *Peterson Novelties, Inc*, 259 Mich App at 24-25. Accordingly, to the extent that the trial court abused its discretion by failing to rule upon plaintiff's discovery motion, *Rieth*, 230 Mich App at 348, that error does not warrant relief because summary disposition was properly granted. MCR 2.613(A) ("[A]n error or defect in anything done or omitted by the court . . . is not ground for . . . disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice."). See also *Ellison v Dep't of State*, 320 Mich App 169, 179; 906 NW2d 221 (2017) (regarding harmless error).

Furthermore, we reject plaintiff's assertion that the requested discovery might shed light upon alternative theories of liability applicable to defendant or others. Plaintiff failed to offer independent evidence supporting the existence of a disputed issue that required further discovery. *Marilyn Froling Revocable Living Trust*, 283 Mich App at 292. Instead, she relies solely on speculation that the materials used in constructing the stairs may have been inappropriate or installed in an unreasonable manner. Even if such conjecture was relevant to plaintiff's premises liability claim, it is well-settled that subjective speculation cannot establish a sufficient question of material fact so as to avoid summary disposition. *Meisner Law Group, PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 723; 909 NW2d 890 (2017). See also *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999) ("A reviewing court may not employ a standard citing the mere possibility that the claim might be supported by evidence produced at trial.").

Lastly, plaintiff argues that the trial court judge impermissibly relied upon his own experience in granting defendant's motion. While we agree with the general proposition that a trial court should not interject personal experience in deciding a motion for summary disposition, we do not construe the record as supporting plaintiff's claim. A summary disposition motion brought under MCR 2.116(C)(10) tests the factual sufficiency of the complaint in order to determine whether the moving party is entitled to judgment as a matter of law. *Id*. at 120; *Dancey*, 288 Mich App at 7. In making that determination, the trial court considers "affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion." *Maiden*, 461 Mich at 120, citing MCR 2.116(G)(5). Inherent in this standard is the understanding that the court's personal opinions and experiences should not be considered. See also *Gubin v Lodisev*, 197 Mich App 84, 86; 494 NW2d 782 (1992) (stating that a court's decision cannot be based upon extrajudicial information).

In his brief ruling on the record, the judge initially mentioned that he had "walked down these steps" before. But the judge also discussed his review of the photographs before concluding that the condition of the stairs was open and obvious under the dictates of *Lugo*, 464 Mich 512. Plaintiff urges this Court to infer that the trial court's reference to personal experience signaled its reliance on the same to reach its decision. Although the trial court should refrain from commenting on extraneous information outside of the record, we decline to make such an inference here. The court expressly examined the photographs before ruling that the condition was open and obvious. Moreover, such an inference is contrary to the presumption that a trial court knows the applicable law, including procedural requirements. *Demski v Petlick*, 309 Mich App 404, 427; 873 NW2d 596 (2015). Finally, for the reasons set forth earlier, the record fully supports the trial court's decision to grant defendant's motion for summary disposition.

Affirmed.

/s/ Anica Letica
/s/ Amy Ronayne Krause
/s/ Mark T. Boonstra